Stix & Co. *vs.* Pump & Co.

LOUIS STIX & CO., plaintiffs in error, *vs.* S. PUMP & CO., defendants in error.

1. Where a jury has been charged with the consideration and determination of a cause, the Court should not permit them to disperse without the consent of the parties to the cause on trial. If it be necessary that any of the persons should be temporarily absent they should be accompanied by an officer.

2. Jurors selected under the law occupy an important position. They decide upon the rights of their fellow-citizens, and should be governed by the law as given to them in charge by the Court, and the evidence produced to them ; and should not be controlled by prejudice, popular opinion, or other improper influence ; and hence the necessity of their entire separation from others while making up their verdict.

3. Where the Court, without the consent of parties, permitted the jury to disperse for dinner, and the parties knowing the fact before they re-assembled, made no objection to the the jury considering the cause after they had so dispersed and re-assembled ; such acquisence was an implied assent to the dispersal ; and, inasmuch as no misconduct of the jury appears, and the verdict is in accordance with the evidence, a new trial should not be granted on account of such dispersal.

Traverse of attachment affidavit. Motion for new trial. Decided by Judge WORRILL. Muscogee Superior Court. May Term, 1867.

Louis Stix & Co., sued out attachment against various persons, partners under the firm name of S. Pump & Co., of Muscogee county, upon the grounds that " said defendants are about to remove beyond the limits of said county." Upon this issue was joined.

When the case was in order for trial, plaintiffs' attorneys made a motion for a continuance applicable to two cases between the same parties then and there pending. This motion was overruled, and came under review of this Court in the other case, which stood first on the docket of the Supreme Court. As to what that motion contained, and the judgment of the Supreme Court thereon, see said other case *ante.*

After the evidence had been introduced *pro* and *con.*, the case had been argued and the Judge had charged the jury, the jury retired to their room, remained there deliberating

several hours, and then were allowed by the Court to separate and go at large to get their dinners, without the knowledge or consent of plaintiffs, or their attorneys.   When the jury returned after dinner they went back to their room, and finally brought in a verdict, finding said issue in favor of the defendants.   Plaintiff's attorneys, before the re-assembling of the jury, knew of said dispersion, but made no objection to their re-assembling, and making up and returning their verdict.

Plaintiffs' attorneys upon this state of facts alone, without offering to show any tampering with the jury, moved for a new trial because of said dispersion of the jury, and because of the refusal of said continuance.

The Court refused a new trial, and this refusal is assigned as error.

INGRAHAM & CRAWFORD, J. F. POU, for plaintiffs in error, (furnished no briefs to the Reporter.)

MOSES & GARRARD, for defendants in error, replied—mere separation did not disqualify the jury.   Roberts & Copenhaver vs. The State, 14th Ga. R., pp. 8, 16, 17. Epps vs. The State, 19th Ga. R., 103.   Smith vs. Thompson, 1st Cow. R., 221.   The People vs. Douglass, 4 Cow. R., 26.   Oliver vs. Springfield Presbyterian Church, 5 Cow. R., 283-4.   Hill *ex parte*, 3 Cow. R., 355,   Wilson vs. Abrahams, 1st Hill, 207.   The People vs. Ransom, 7 Wend. R., 423.

Irregularity or misconduct of jury, where the Court is satisfied no injury could have been sustained, is insufficient to set aside verdict; 7th Wend. R., 423; Hornton vs. Hornton, 2 Cow. R., 589; King vs. Woolf Kinnear, 1st Chitty 401; Hill vs. Yates, 12th East R., 229; King vs. Hunt, 4th B., and Adol. 430.   Glover vs. Woolsey, Dudley (Ga. R.,) 85; Monroe vs. State, 5th Ga. R., 96; Foster vs. Brooks, 6th Ga. R., 297; Stanley vs. State, 10th Ga. R., 82; Exrs. Riggins vs. Brown, 12th Ga. R., 271; Roberts & Copenhaver vs. State, 14th Ga. R., 8, 16, 17; Marshall vs. Morris, 16th

Ga. R., 368; Walker vs. Exrs. of Hunter, 17th Ga. R., 415; Burtine vs. State, 18th Ga. R., 534; Epps vs. State, 19th Ga. R., 103; Cohran vs. State, 20th Ga. R., 752; Carhart & Bro., vs. Marshall, 23 Ga., R. 225; Candler vs. Hammond, Ib., 493; Martin vs. Mitchell, 28th Ga. R., 382. Even if injury sustained, plaintiff waived it.    5th Cow. R., 283 *ante,* 23 Ga. R., 493 *ante.*

WALKER, J.

1. As a general rule the jury, after they have been charged with a case, should not be permitted to separate without the express assent of the parties to the cause on trial.    If it be necessary that any member of the jury should be temporarily absent from the body, he should be attended by an officer, and suffered to communicate with no one outside of the jury.

2. Jurors selected under the law occupy a high and responsible position.    To their decision is referred important rights. They are selected on account of their intelligence and impartiality, and should be controlled by the evidence, and the law as given in charge by the Court.    They should not be controlled by prejudice, passion, popular opinion, or other improper influence, and hence the necessity of their entire separation from others while making up their verdict.    Their verdict should speak the truth of the transaction; and thus to discharge their solemn duties they should act dispassionately, seriously, earnestly, and with minds free from all bias.

3. The separation of the jury in this case was known to the parties before the verdict was made up and returned. Had complaint been made then, doubtless the Court would have taken such action as would have been proper under the circumstances.    The acquiesence of the parties in the re-assembling of the jury to consider the case was an implied assent to the separation which must bind the parties assenting.    As no misconduct is alleged on the part of the jury, (Adkins vs. Williams, 23 Ga. R., 225,) and the verdict is supported by the evidence, we do not, under the facts of this case, feel called upon to set aside the verdict and order a new trial.    See The King vs. Woolf, 1 Chit. Rep., 400, (18 E. C.

L. R., 223,) where the subject is very fully considered.   In the case of Martin vs. Tidwell, 36 Ga. R., 345, this Court say, "If with a full knowledge of the facts, the party permits the trial to proceed, he must submit to the consequences." If a party with a full knowledge of all the facts see proper to take his chances of a verdict very well; but he cannot afterwards make this *laches* on his own part a ground of complaint, upon which to set aside the verdict.   Let him make his cause of complaint known to the Court at the proper time, and the Court will administer the law.   He cannot speculate on the chances, and when the decision is against him then be heard in relation to a matter which received his tacit assent.

Judgment affirmed.