Carter vs. Davis.

NELSON CARTER, plaintiff in error, vs. ISABELLA DAVIS, defendant in error.

A creditor of the intestate has such an interest in the question, as that, under the act of 1863, (Code section 3974) he may appear and file objections to a return of commissioners, appointed at the instance of the widow, to lay off and assign to her dower in the lands of the deceased.

Dower. Decided by Judge KNIGHT. Fannin Superior Court. May Term, 1869.

Isabella Davis, by her petition for dower, filed in October, 1868, averred that her husband died in May, 1858, seized and possessed of certain lands in said county, that one Dickey was his administrator, and prayed for the appointment of commissioners to assign her dower out of said lands. The commissioners were appointed, laid of the dower, and made their return to May Term, 1859, of said Court. Nelson Carter, by his next friend, appeared and objected to the return being made the judgment of the Court, because the application for dower was not made within seven years from the death of said husband, because he was a judgment creditor of said husband, and because the widow is a citizen of Tennessee and had had her dower assigned in that State.

To these objections a general demurrer was filed and sustained by the Court, upon the ground that a judgment creditor has no right to traverse the right of dower, etc. The return of the commissioners was then made the judgment of the Court. The sustaining said demurrer and entering said judgment, are assigned as error.

GEORGE D. RICE, J. R. BROWN, E. W. CHRISTIAN, J. A. JARVIS and H. P. BELL, for plaintiff in error.

WEIR BOYD, for defendant.

McCAY, J.

The Act of 1863, transferred into Irwin's Code, section 3974, allows any person interested to appear and contest the return of the commissioners. Surely the creditors are in-

Carter *vs.* Davis.

terested.   It is their interest to deny every fact involved in the judgment, except the seizin of the husband, and upon these facts they are bound by the judgment.   True, if there be fraud, or collusion they may attack this, like other judgments; but the general rule is, that the heirs and creditors are bound by a judgment against the executor, or administrator, even though they do not appear.   If they be bound by the judgment, they have an interest in the question.

The object of the statute was, to give to all parties interested in the judgments, a right to come in and aid, or watch, the administrator.

Experience shows that there is often collusion between the widow and the administrator, such collusion, too, as from their peculiar situation towards each other, it is hard to prove. And it was the intent of the law-makers, to permit the parties at interest, the heirs and creditors, to come in on the first instance, if they see fit, and defend their rights, to take the case out of the hands of their agent, the administrator, and assume, so far at least as their own interests are concerned, control of the question.   It is, it is true, rather an anomalous proceeding.   As the administrator is the party served, and represents all the interests, the usual course is to trust the defense of the proceedings to him.   But the Legislature has seen fit, by reason, as we suppose, of the peculiar nature of this proceeding, and the danger of collusion between the widow and him, to authorize the parties having the real interest, to come in.

The Court below refused to hear the creditor at all.   In this there was error.   We do not pass upon the validity of the exceptions actually offered.   If they had been objected to, and the case had turned upon them, it does not follow, that the creditor might not have had it in his power to amend, or add new objections, and we do not pass upon anything but the point decided by the Court below.   We think the creditor had a right to be heard, and on this point alone we reverse the judgment.

Judgment reversed.