## SHROPSHIRE & COMPANY vs. JOHNSON.

It is error for the court simultaneously to try two separate cases before separate juries; but objection to such a practice should be made at the time, otherwise this court will not reverse on that ground.

Practice in the Superior Court.   Before Judge HILLYER. Fulton Superior Court.   April Term, 1878.

Reported in the decision.

J. B. GOODWIN; T. P. WESTMORELAND, for plaintiffs in error, cited 58 *Ga.*, 35; Code, §236.

COLLIER & COLLIER, for defendant, cited (that it is now too late to object), 8 *Ga.*, 408; 36 *Ib.*, 345; 37 *Ib.*, 335.

WARNER, Chief Justice.

The plaintiff sued the defendants for an alleged breach of contract, made by them with him for his labor and services in and about their store in the city of Atlanta as clerk and salesman, etc.   On the trial of the case, the jury, under the evidence and charge of the court, found a verdict in favor

of the plaintiff for the sum of $424.00   A motion was made for a new trial on the several grounds therein stated, which was overruled, and the defendants excepted.

As to what were the terms of the contract between the parties in relation to plaintiff's services as clerk, the evidence was conflicting.   The only ground contained in the motion for a new trial which has any apparent merit in it, is that which alleges that the presiding judge, during a part of the trial of the case, and during a greater part of the argument of counsel therein, was off of the bench engaged in the trial of another case on the opposite side of the court-room from the jury trying the case of the plaintiff against the defendants.   The presiding judge certifies in an explanatory note " that the other case was an appeal from a justice court, and was taken up to be heard by the consent of the counsel in it before another panel of jurors, and which was subordinate to the other case on trial, that he was all the time within ear-shot, and paid all the attention necessary to catch every point made on the trial and on the argument."   Ordinarily, if the presiding judge of a court can hear and properly adjudicate one case at a time, he will perform all the duties required of him by the constitution and the law in that respect, and all that can be reasonably expected or required of him,   The trying of two separate cases before two separate juries involving distinct and separate issues, at the same time, in a court of justice, should not be attempted, and if the plaintiffs in error had objected at the time to the court taking up and trying another case during the pendency of the trial of their case, and their objection had been overruled, we should unhesitatingly have reversed the judgment for error.   But the plaintiffs in error did not object to this proceeding of the court at the time ; they proceeded with the trial of their case, it being a *civil* case, and took their chances for a verdict in their favor ; and now, after the jury have found against them, it is too late to raise that objection.

Let the judgment of the court below be affirmed.