## WILLIAMSON *vs.* McLEOD.

64 761
96 528

1 An assignment of dower is not a nullity because only four instead of five commissioners were appointed, if it be otherwise legal. It may be held bad upon objection made at the proper time, but after the return has been made the judgment of the court, objection on that ground comes too late  Notice given by the wife to the administrator of her husband's estate of her application for dower gives notice also to creditors of the decedent.

2. A charge not warranted by the evidence should not be given. Where an assignment of dower was recorded in the book of deeds, and the plat having been omitted by accident, it was subsequently

inserted by order of court, a charge which assumed that this was an illegal record was error. It was constructive notice to the world, and actual notice to creditors of the decedent who were represented by the administrator.

Dower. Title. Judgments. Notice. Administrators and executors. Charge of Court. Record. Practice in the Superior Court. Before Judge JOHNSON. Johnson Superior Court. September Term, 1879.

M. C. Williamson died in 1863 or 1864, seized and possessed of a tract of land in Johnson county. His widow, who is the plaintiff in error, had dower set apart to her in this tract of land ; the return of the commissioners was made the judgment of the court at the March term, 1867, of Johnson superior court. Neil McLeod, the defendant in error, had obtained a judgment against the administrators of M. C. Williamson, and an execution issued thereon was levied upon this tract of land, including the dower. It was sold, and McLeod became the purchaser at sheriff's sale. The sheriff put out Mrs. Williamson's tenant, and put McLeod in possession of the entire tract of land. Mrs. Williamson brought ejectment against McLeod to recover her dower land.

On the trial the main point in the controversy was the validity of the judgment of the court setting apart dower to Mrs. Williamson. The record showed that in the application for the appointment of commissioners to set apart dower, four persons were named as commissoners ; that the writ was directed to four commissioners, and that three of them acted in setting apart dower and making their return, which was made the judgment of the court. The return of the commissioners assigning dower, was recorded by the clerk in the book of deeds, instead of being recorded by him on the minutes of the superior court, the judgment alone being on the minutes.

At the time of making the record he failed to record with the proceedings a copy of the plat of the dower land,

but, under an order of court, entered the same at a subsequent time.

Under the charge of the court the jury returned a verdict finding for the defendant. Plaintiff moved for a new trial on the following, among other grounds:

1st. Because said verdict was contrary to law and evidence.

2nd. Because the court erred in charging the jury as follows: "That the judgment of the superior court assigning dower to the plaintiff in and to the land in dispute was void and of no effect, because the writ of dower originally issued to the commissioners appointed but four, and was directed to but four commissioners, instead of appointing and being directed to five commissioners."

3d. Because the court erred in charging the jury "that the judgment making the return of the commissioners the judgment of the court was invalidated by the fact that the return of the commissioners was not incorporated with or set out in the order of the court making said return the judgment of the court, it being conceded that the plat as spread upon the minutes in the order making said return the judgment of the court, as it appears on said minutes, was an interpolation made without any authority, and designed to perfect said judgment."

The motion was overruled, and plaintiff excepted.

R. W. CARSWELL, for plaintiff in error.

JOHN M. STUBBS, for defendant.

JACKSON, Justice.

Mrs. Williamson brought ejectment for a certain piece of land which had been set apart as her dower, against McLeod, who had purchased the entire tract at sheriff's sale, it being sold as the property of her husband, and her title to the portion sued for turned on the validity of her dower interest previously set apart and assigned her by the superior court.

The presiding judge held that the assignment was void as to the purchaser, McLeod; the jury rendered a verdict for the defendant, the plaintiff excepted, and the question is whether the widow's assignment of dower was void?

1. Section 4041 of the Code enacts that five commissioners shall be appointed, a majority of whom may act, and in the case at bar but four were appointed, and the superior court held the whole assignment null and void on this account.

The section does not declare that dower assigned in any other way shall be void, or that unless five are appointed commissioners, the entire action of the court shall be a nullity. On the contrary, the section enacts that a majority of the five may act, and that their action will be as good as if all five acted. Sub-section six of the fourth section of the Code declares that " A *substantial* compliance with any requisition of the Code, or laws amendatory thereof, *especially on the part of public officers*, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment." There is no provision expressed in this enactment declaring the act of this public officer in the assignment of this dower by the appointment of four, and not five commissioners, void, and therefore it cannot be lawfully, we think, so declared by the courts.

Besides, it was admitted on the hearing before us, that McLeod was a creditor of the deceased husband of this widow. If so, he should have objected to the appointment of four commissioners at the time when the return was made the judgment of the court. After it was made that judgment, he was precluded from objecting. He had notice through the administrator. Formerly, notice had to be given to all persons interested in decedent's estate; but a subsequent statute made notice to the administrator suffice as to all heirs and creditors. Had the return been objected to before it was made the judgment of the court, doubtless it would have been held illegal, because the number called for by the statute had not been named as commissioners;

but to pronounce a judgment absolutely void after its rendition, is quite a different matter. Indeed, section 4048, which declares that " when the return of the commissioners is made the final judgment of the court, it shall be conclusive between all parties interested," would seem sufficient to settle the point, and to the same effect is the judgment in 41 *Ga.*, 42.

2. The court seems to have misapprehended the facts in the second charge, of which complaint is made. The assignment of dower was recorded in the place where other title papers appear, and the plat made by the surveyor having been by some inadvertence omitted from the record, was added thereto *by order of court regularly taken*, as the record of the case brought here under the clerk's certificate attests.

So that the title of this widow to her dower, always a favorite right in the eyes of the law, and held superior to the most sacred liens of creditors, was not only *lis pendens*, but finally made the judgment of the court, and recorded where all titles to real estate are looked for, and to all intents and purposes was thus constructive notice to the world, and was actual notice to this defendant, if a creditor of the deceased and interested thereby in the estate, and represented by the administrator.

The court below having charged contrary to the opinion we entertain of the law on these two controlling questions, which necessitated a verdict against the plaintiff, we must award to her a new trial.

Judgment reversed.