FUSSELL *et al.* v. SHORT, administrator, *et al.*

1. Where a person other than the widow of a decedent is the administrator upon the latter's estate, such person alone is legally entitled to notice of an application for dower, and in his capacity as administrator primarily represents the heirs and creditors as to their interest in the dower proceedings. Inasmuch, however, as the

law allows all persons interested, including creditors of the decedent, when the return of the commissioners to assign dower is made, to enter a traverse to the same, they may, in the exercise of this right, then have an issue made up and tried, and thus have all their objections to the return, or to the allowance of dower, passed upon; but if they fail to avail themselves of this right at the proper time, and, without objection of any kind, allow the return of the commissioners to be made the final judgment of the superior court, they are (in the absence of actual fraud on the part of, or of collusion between, the widow and the administrator) bound by such judgment, whether they had notice of its rendition or not, and notwithstanding there may have been gross irregularities in the proceedings upon which it was founded.

2. Irrespective of the various questions presented by the motion for a new trial, the evidence in the present case did not show such fraud or collusion as would authorize an equitable proceeding to set aside the judgment by which the dower was finally allowed.

August 5, 1895.

Equitable petition. Before Judge BUTT. Marion superior court. April term, 1894.

W. T. Melton died intestate, leaving a wife and minor child, and an insolvent estate. A year's support of $600 was set apart for the widow and child. The widow also applied for dower, and an order was taken appointing commissioners to enter upon the land and assign the same. The application made no mention of an election to take money in lieu of land. The writ to the commissioners, issued and signed by the clerk (who was also the administrator of the estate), was prepared by the widow's attorney; and it contained a direction that if the widow desired to elect and have set apart an amount of money absolutely, the commissioners should estimate and determine the same. In the administrator's acknowledgment of service of the application for dower, appears the statement that he assents for her, in case she desires so to elect, "to have money in lieu of dower, to belong to her absolutely." After filing the application for dower, a petition was presented to the ordinary on the widow's behalf, reciting the pendency of the

dower proceeding and her election to take money abso-
lutely; and praying for the ordinary's approval of such
election. Following this petition, and being part of the
same document, was a statement signed by the ordinary,
that he approved the election as prayed. This paper
was not filed in the ordinary's office, and was attached
to the record of the dower proceeding. The commis-
sioners made a return, reciting the widow's election to
take money, and setting apart to her $1,000. This was
made the judgment of the superior court. The admin-
istrator sold the lands of the estate; and the creditors
brought a petition to set aside the judgment allowing
dower, and to restrain the administrator from paying
any part of it. They alleged, that the report of the
commissioners and the judgment thereon were illegal
and void; that as the petition for dower failed to show
the election to take money, the creditors had no notice
thereof, and did not object to the proceeding, as they
would have done had the petition made such disclosure,
they having no objection to the widow's taking one
third of the land; that she and the administrator col-
luded to defraud plaintiffs, and the issuance of the writ
in the form as it appeared was concealed from them;
that the amount set apart far exceeded a third interest
in the land, and amounted to nearly all the land brought
at administrator's sale; that if the judgment should
stand, plaintiffs would lose their claims; that the judg-
ment was obtained by fraud of defendants, as plaintiffs
were never given an opportunity to object to the return,
which was filed and made the judgment of the court
without their knowledge, whereby they were prevented
from contesting the return or objecting thereto until
after the judgment was entered, they having been in no
wise negligent and having good cause of objection. Sep-
arate answers were filed by the administrator and the
widow, who denied all charges of fraud and collusion,

and set up, among other things, that the land would have brought a larger price had not one of the creditors chilled the bidding at the sale by statements he made to various persons there assembled.   The evidence as a whole negatives any fraud or collusion by either of the defendants.   The jury found in their favor, and plaintiffs' motion for a new trial was overruled.

MILLER & MILLER and W. D. CRAWFORD, for plaintiffs.
J. H. MARTIN and G. P. MUNRO, for defendants.

LUMPKIN, Justice.

We find it unnecessary to discuss the various questions presented by the motion for a new trial.   So far as any questions of fact are involved, the finding was manifestly right, and the law of the case is absolutely controlled by the propositions announced in the first head-note.

Section 4043 of the code provides that an applicant for dower shall give written notice to the representative of the estate, unless she be herself the representative, in which event she must, by publication, give notice to the person or persons interested.   In a case where she is not the representative, the only person to be notified is the one who is the representative.   In Carter v. Davis, 40 Ga. 300, Judge McCAY remarked that: "As the administrator is the party served, and represents all the interests, the usual course is to trust the defense of the proceedings to him."   Although the law, as laid down in section 4046 of the code, allows all persons interested in the estate (among whom, of course, are included the heirs and creditors) the right to be heard when an application for dower has been filed, it makes no provision whatever for service upon them, save only when the widow herself is the legal representative.   The reason for giving them an opportunity to be heard at all is doubtless that suggested by Judge McCAY in the case cited

*supra*, viz : the danger of collusion between the widow .
and the administrator. Such persons as may be inter-
ested are privileged to become voluntary parties, though
they are by no means necessary parties when there is a
legal representative other than the applicant for dower
to represent their interests. The section of the code
last cited distinctly points out the time when they may
come in and be heard, viz : " when the return of the
commissioners is made." There is no law authorizing
them to enter a traverse to such return, or to otherwise
object to the allowance of the same, after it has been
made the judgment of the court. It is too late then, for
mere irregularities in the proceedings—however gross—
unless fraud or collusion between the widow and the
administrator be also alleged and shown, for any inter-
ference or attack on their part to be made. *Williamson*
v. *McLeod*, 64 *Ga.* 761. It will not do for the heirs or
the creditors simply to say they were not present when
the return of the commissioners was made the judgment
of the superior court, and that consequently they had
no opportunity to be heard. They are bound to take
notice of the proceedings. The law allows them the
privilege of coming into the case after the return is filed,
but it presumes they will do so without being specially
notified; and after all, there is no hardship in this rule.
Everybody interested in an estate of this kind knows it
is more than probable that the widow, if the estate is
insolvent, will apply for her dower; and it requires but
little diligence to ascertain when the return of the com-
missioners is made, so as to be on hand with their ob-
jections to it, if they have any.

In the present case, the attack upon the judgment al-
lowing the widow's dower in money instead of land, so
far as mere irregularities in the proceedings are con-
cerned, came too late ; and there was no sufficient evi-
dence to warrant a finding of such fraud or collusion as

would authorize the judgment finally allowing the widow's dower to be set aside in an equitable proceeding. No valid reason whatever for disturbing the verdict was shown.                                    *Judgment affirmed.*