ROBERTS *v.* ATLANTA CONSOLIDATED ST. RY. CO.

1. It was not error in the trial judge, at the request of the jury, to direct the stenographer to read from his notes the testimony of the witnesses on a material issue in the case; it not appearing that counsel for the party complaining was absent when this direction was given and did not consent thereto; and it further not appearing that the testimony read was inaccurate.
2. There was no error of law committed. The evidence was sufficient to sustain the verdict, and the court did not err in overruling the motion for a new trial.

Argued May 18, — Decided July 19, 1898.

Action for damages. Before Judge Berry. City court of Atlanta. November term, 1897.

This suit was on account of personal injuries which the plaintiff alleged were sustained by him in consequence of the negligence of the defendant's agents, under the following circumstances: He was in a buggy, driving along a certain street upon which were double tracks of the defendant, and the driveway on each side of the tracks being crowded with vehicles, in order to pass he drove between the double tracks, and seeing a car of the defendant coming towards him on the west or incoming track, he drove the buggy upon the east or outgoing track, and an outgoing car then struck the buggy from behind, causing the injuries complained of. He alleged that the defendant's agents in charge of the car that struck him were negligent, in not giving any signal of the approach of the car, and in running it at a high rate of speed, and not having it under such control that it could be promptly stopped. The verdict was for the defendant. A motion for a new trial was overruled, and plaintiff excepted. The motion alleged, in addition to the general grounds, that the court erred: (1) In directing the stenographer, at the request of the jury, to read from his notes the testimony of the witnesses as to the rate of speed at which the car was running. (2) In charging: "If you believe the plaintiff was injured and that the defendant was negligent and the plaintiff was also negligent, but that the plaintiff was not so negligent as the defendant, and could not by the exercise of ordinary care on his part have avoided the consequences of the

defendant's negligence, then the plaintiff could still recover, but his recovery should be reduced in proportion to the extent which his own negligence contributed to the injury."

*R. J. Jordan,* for plaintiff.
*Goodwin, Westmoreland & Hallman,* for defendant.

LEWIS, J.   1. . In the light of the record before us, the court committed no error in directing the stenographer, at the request of the jury, to read from his notes testimony of the witnesses as to the rate of speed at which the car was running. It is not alleged that this direction was given in the absence of plaintiff's counsel, or over his objection, nor does it appear that the testimony read by the stenographer was either inaccurate, or did not include all that the witnesses testified to on the subject.   If the jury, after retiring to consider a case, should differ as to the testimony on a material point, we see nothing improper in their requesting the court that their recollection be refreshed by having the testimony, if taken down, read to them. On the contrary, it indicates a commendable purpose and desire to ascertain the truth of the case before rendering their verdict.   We think it proper, however, in such a case, that counsel for both parties should be present in court when this is done. In the absence of anything to the contrary in the record, we will presume that the trial judge adopted the proper practice in this instance.   We do not mean to say, even if counsel were absent when this direction was given to the stenographer by the court, that it would be ground for a new trial; especially if the counsel knew of the fact before the rendition of the verdict.   Any objection to such a proceeding should be made as soon as known, and a party can not take the chances of a verdict in his favor, and at the same time reserve the right to object in the event the verdict should be against him.   *Stix* v. *Pump,* 37 *Ga.* 332–5; *Shropshire* v. *Johnson,* 62 *Ga.* 359–360.

2. In the light of the entire charge of the court, there was no error of law in giving the charge complained of.   The two distinct rules of law on the subject of contributory negligence, and the use of ordinary care to avoid the consequences of defendant's negligence, were fairly given by the court separately

and distinctly, and not in immediate connection one with the other. The evidence in the case was conflicting. That in behalf of the defendant was sufficient to authorize the jury to conclude that the plaintiff's injuries were the result of his own carelessness, and could not have been avoided by the exercise of ordinary care and diligence on the part of the defendant. The court did not err in overruling the motion for a new trial.

Judgment affirmed. All the Justices concurring.