9189. WALLER, *et al. v.* DAWSON NATIONAL BANK.

BLOODWORTH, J. 1. Even if it was error to admit in evidence a certified copy of a petition for letters of administration, filed by J. E. Waller Jr., September 9, 1915, asking that he be appointed administrator on J. E. Waller's estate, the error does not require a reversal, as he himself, testifying in his own behalf, swore: "I made application for letters of administration upon the estate of my father."

2. As against the objection urged, it was not error to admit in evidence the execution against J. E. Waller.

3, 4. The excerpts from the charge of the court, set out in grounds 3 and 4 of the motion for a new trial, are not erroneous for any reason alleged.

5. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

    *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*

    DECIDED JULY 10, 1918.

Appeal; from Terrell superior court—Judge Worrill. July 7, 1917.

J. E. Waller, a resident of Terrell county, died in August, 1915, intestate, and was at that time indebted to Dawson National Bank on a promissory note for $300, dated April 6 and due November 1 of the same year. In 1917, there being no administration on the decedent's estate, the bank, as a creditor, applied to the ordi-

nary of the county for letters of administration, the applicant alleging that the decedent left an estate of real and personal property of the probable value of $10,000. A caveat was filed by the decedent's widow and his son, J. E. Waller, who alleged that the decedent left no estate that required administration, that the widow was entitled to a year's support, and the entire estate left by the decedent was not as much as $500, in fact was of less value than $100. The trial of the case in the superior court, on appeal from the court of ordinary, resulted in a verdict in favor of the bank. The caveators made a motion for a new trial, which was refused, and they excepted.

1. The first special ground of the motion for a new trial is that the court erred in allowing the plaintiff to introduce in evidence, over the objection of the caveators, a certified copy of a petition filed September 9, 1915, by J. E. Waller Jr., asking that he be appointed administrator on J. E. Waller's estate; the caveators objecting on the ground that "it could not be legal evidence in the case whether anybody applied for letters of administration, in this particular matter." In the application referred to in this ground it is stated that the estate of the decedent consists of realty of the value of $850.

2. It is alleged that the court erred in allowing the plaintiff to introduce in evidence, over the objection of the caveators, "a fi. fa. in favor of a guano company against J. E. Waller, obtained in the city court of Dawson at the July term, 1915;" the objection being that "it had not been proven that the caveators knew anything about the suit, and did not show any notice to them." This evidence was offered in rebuttal, and as a circumstance tending to show the purpose in recording deeds of Waller to his wife in July, 1915, and in returning the property in her name, instead of his own name, for that year.

3. The court charged the jury: "In passing upon the issues you may look to any admissions made by either of the caveators, . . and see if there is any conflict, or seeming conflict, with the contentions they make here." It is contended that this was error, because it expressed an opinion that the caveators made admissions, and that the admissions were in conflict with their contentions on the trial, and because there was no evidence on which to base such an instruction.

4. The court charged the jury: "If you believe, from the evidence, that J. E. Waller left an estate, or if you believe he had an estate before his death, and that he owed debts and he conveyed his property to his wife, to defeat his creditors, and that she holds the property now, and if you believe her purpose in making this caveat—hers or the other defendant's—was to prevent the administration, for the purpose of defeating the creditors in their rights to reduce their debts to judgment and attempt to subject any property J. E. Waller may have owned at the time of his death or previous to the time of his death, or if you believe that he had fraudulently conveyed to Mrs. Rebecca E. Waller, so as to prevent administration and defeat the creditors, then you ought to find the issue against them." It was contended that this was error, because it was not authorized by evidence, and because it did not limit the amount of the estate, and was not confined to that owned at the time of the decedent's death, or to creditors at the time of his death or to the creditors asking for administration.

5. From the evidence it appeared that at the time of the decedent's death he and his wife were residing together on a farm, on which they had been living for many years. By two deeds dated in 1903 and recorded about a month before his death, one reciting a consideration of $600 and the other a consideration of $1,100, he conveyed to her 405 acres and 84 acres of land. This land was returned for taxes in her name in the year of his death, valued at $4,000, with household goods, mules, wagons, and other personal property valued at $695, but had up to that time been returned in his name, and not as her property. A witness for the plaintiff testified that about two weeks before the death of J. E. Waller he went to Waller's house and made a levy on the land on which Waller was living; that Waller "was in possession of that property, . . some five or six hundred acres; . . the place was stocked, and there were ten or twelve plows running on the place; . . he had been in possession of that land all his life. Land in that settlement is worth anywhere from $25 to $50 per acre. . . J. E. Waller looked after the running of the place and the renting out of the land on the place. He rented it out. I have rented from him some." The caveators testified that the decedent had no property at the time of his death, that at the time of his death and for a number of years preceding it, as well as

since that time, Mrs. Waller was in possession of the land in question, controlling it and renting out a part of it, and during that time his deeds to her, conveying the land, were in her possession. She testified that at the time of the execution of the deeds she paid for the land with her own money that she had been saving; she could not tell exactly where she got it. An application by her for a year's support out of the estate of J. E. Waller was introduced in evidence by the plaintiff.

*Yeomans & Wilkinson,* for plaintiffs in error.

*M. C. Edwards, R. R. Jones,* contra.