12247.   AMERICAN RAILWAY EXPRESS CO. *v.* DUBOIS BROTHERS.

STEPHENS, J.  1.  " Where a consignee of freight refuses to receive goods, on account of damage done to them in the hands of the common carrier, and the goods are subsequently thrown back on the hands of the consignor, the latter has a right to bring an action for such damages against the carrier." *Savannah, Florida & W. R. Co.* v. *Commercial Guano Co.,* 103 *Ga.* 590 (30 S. E. 555).

2.  " Where in a suit by a shipper against a common carrier for loss or damage to goods in transit it appears from the evidence that some of the goods were not totally damaged or destroyed, but were of some value, and the evidence fails to furnish sufficient data from which a jury might infer the value of the damaged goods, the verdict is without evidence to support it." *Southern Express Co.* v. *Bass,* 24 *Ga. App.* 742 (102 S. E. 168).

(a) This being a suit by a shipper against a common carrier to recover damages alleged to have been sustained to goods consisting of celery and cucumbers while delayed in transit, and there being evidence that the goods were of some value after having been damaged, and there being no evidence as to this value at the time when the goods were by the carrier offered to the consignee, the verdict is without evidence to support it.   Evidence as to the selling price of such goods on the day following is insufficient to establish such value, since the goods were of a nature, as appeared from the evidence, highly perishable and subject to rapid deterioration and decline in value.   The trial judge therefore erred in overruling the defendant's motion for a new trial.

*Judgment reversed.   Jenkins, P. J., and Hill, J., concur.*
                    DECIDED MARCH 4, 1922.

Action for damages; from city court of Savannah — Judge Freeman. January 28, 1921.

*Lawton & Cunningham,* for plaintiff in error.

*Seabrook & Kennedy,* contra.