18501. ATLANTIC COAST LINE RAILROAD CO. v. HOGREFE.

BROYLES, C. J. 1. Where a consignee of freight refuses to accept goods on account of damage done to them while in transit by a common carrier, and the goods are subsequently thrown back on the hands of the consignor, the consignor has the right to bring action against the carrier for such damage. *Savannah, Florida & Western Ry. Co.* v. *Commercial Guano Co.,* 103 *Ga.* 590 (1), 593 (30 S. E. 555). Under this ruling the consignor in the instant case had the right to bring the suit against the defendant carrier, and the demurrer to the petition was properly overruled.

2. "Where in a suit by a shipper against a common carrier for loss or

Carriers, 10 C. J. p. 348, n. 75; p. 390, n. 15.

damage to goods in transit it appears from the evidence that some of the goods were not totally damaged or destroyed, but were of some value, and the evidence fails to furnish sufficient data from which a jury might infer the value of the damaged articles, the verdict [covering damages for all articles in the shipment whether totally or partially destroyed] is without evidence to support it." *Southern Express Co.* v. *Bass*, 24 *Ga. App.* 742 (102 S. E. 168). Applying the principle of this ruling to the facts of the instant case, it is obvious that the verdict in favor of the plaintiff shipper, for the full value of all the articles in the shipment (14 stationary batteries) at the time they were delivered to the carrier for shipment, was not authorized by the evidence, and that the court erred in refusing to grant a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 11, 1928.

Breach of contract; from city court of Richmond county—Judge Black. August 30, 1927.

*W. K. Miller*, for plaintiff in error. *W. Inman Curry*, contra.