17951. WESTERN & ATLANTIC RAILROAD *v.* HUGHES, administratrix.

STEPHENS, J. 1. This was a suit against a railroad company, by which an administratrix sought to recover, under the Federal employer's liability act, damages for the homicide of her husband, which it was alleged was caused by his having been hit by an upright structure of a bridge by the side of the railroad-track and knocked from the running-board on the side of a moving locomotive, upon which he had gone in the discharge of his duties as a traveling fireman in the employ of the railroad company, and where it was alleged that as a result of a rocking from side to side and a swaying of the engine, caused by a low place or depression in first one rail and then the other in the track approaching the bridge he was thrown into the bridge and knocked off the engine, and that the condition of the track was negligence on the part of the railroad company, proximately contributing to the injury. It appears that the deceased was employed in interstate commerce; and while the evidence as to negligence by the defendant was conflicting, there was evidence from which the jury were authorized to infer that upon the approach to the bridge the track contained the depressions as alleged, and that this was negligence on the part of the railroad company, and as a proximate result thereof the engine, as it approached and entered upon the bridge, was caused to rock and sway laterally, and thereby caused the plaintiff's husband, who was out upon the running-board of the locomotive with the consent of the defendant and in the discharge of his duties as traveling fireman in the employ of the defendant, to come in contact with an upright on the bridge and be knocked off the engine and killed; and that the pecuniary loss suffered by the plaintiff as the result of her husband's death was in the amount found in the verdict. The evidence authorized the verdict.

2. Where upon the trial of such a suit the judge instructed the jury that the plaintiff's husband, who was a servant of the defendant, had, in going upon the running-board of the engine in the discharge of his duty, assumed the risk incident to the existence of the bridge in proximity to the defendant's track and its passing locomotive, and withdrew from the jury any consideration as to negligence upon the part of the defendant in respect to the maintenance of the bridge, the overruling of the defendant's demurrers to the petition, objecting to, as insufficient, the allegations of negligence upon the part of the defendant as respects the maintenance of the bridge in close proximity to the track and passing locomotive, was harmless.

3. While the damages recoverable under the Federal employer's liability act by the plaintiff for the homicide of her husband are compensation solely for the financial and pecuniary loss suffered by her and his minor

Appeal and Error, 44 C. J. p. 852, n. 56; p. 990, n. 25.

Death, 17 C. J. p. 1314, n. 73; p. 1328, n. 9; p. 1359, n. 96.

Evidence, 22 C. J. p. 920, n. 85.

Master and Servant, 39 C. J. p. 1073, n. 67; p. 1220, n. 67; p. 1223, n. 99, 2; p. 1261, n. 17.

child as a result of the homicide, the services of a pecuniary and financial value which the husband in his lifetime performed for the benefit of the plaintiff and the minor child, such as domestic services around the home, including repairing the house and premises, working the garden, milking the cow, looking after the poultry, and personal services in waiting upon the plaintiff while she was sick, and personal services to the child, such as assisting him in his lessons, all of a certain alleged value, are items of damages, and tend to illustrate the pecuniary loss suffered by the plaintiff and the minor child. An amendment to the plaintiff's petition, alleging such services, was good as against the general and special demurrers interposed, and the demurrers were properly overruled. Evidence as to such services was properly admitted; and the court did not err in instructing the jury that in arriving at the pecuniary loss of the wife and child, evidence of such services could be considered. *Western & Atlantic R.* v. *Townsend,* 36 *Ga. App.* 70 (135 S. E. 439).

4. Where in such a suit it appeared from the evidence that the husband, for whose homicide the suit was brought, was at the time of his death in the employ of the defendant and was in line for promotion as an engineer in its employ, it was not error to admit evidence as to the compensation paid by the defendant to engineers.

5. Where certain evidence as to the installation of guard-rails in the track at the place of the accident a short while after its occurrence, which was offered by the plaintiff and admitted over the objection of the defendant, was later during the progress of the trial voluntarily withdrawn by the plaintiff without objection from the defendant, and where the court instructed the jury that this evidence was withdrawn from their consideration, the admission of such evidence was harmless, since from its nature it can not be said that, after the jury were instructed to disregard it, it was prejudicial to the defendant. *Robinson* v. *Gray,* 22 *Ga. App.* 25 (95 S. E. 324).

6. There was no error in admitting in evidence photographs of the locality of the homicide, including the bridge and the track and the defendant's locomotive approaching it, taken some years after the date of the homicide, where the witnesses identified the photographs and testified that they contained true representations of conditions as they existed a few days after the occurrence, and where it was inferable from the evidence that these conditions existed at the time of the occurrence, and where the trial judge specifically instructed the jury (*City of Thomasville* v. *Crowell,* 22 *Ga. App.* 383, 96 S. E. 335; *Waller* v. *Dawson National Bank,* 22 *Ga. App.* 477, 96 S. E. 333; *Smith* v. *State,* 23 *Ga. App.* 76, 97 S. E. 454; *Rome Railway & Light Co.* v. *Spratling,* 28 *Ga. App.* 438, 111 S. E. 702) that the photographs should be considered only for the purpose of throwing light on the conditions at the time of the occurrence complained of.

7. A charge stating a correct principle of law is not error because it fails in the same connection to state another correct principle of law. A charge that if both the decedent and the defendant were negligent, and if the negligence of the defendant in particular was the cause of the death, the negligence of the decedent would not prevent a recovery, but

would only diminish the amount of damages recoverable, was not error in that the court did not in the same connection instruct the jury that there could be no recovery upon the defendant's negligence if the decedent assumed the risk of the conditions surrounding the accident.

8. Although under the Federal employer's liability act the amount of damages recoverable, when the negligence of both the decedent and the defendant proximately contributed to the injury, is an amount in the proportion which the defendant's negligence appears to have been to its negligence and that of the decedent combined, a charge which instructed the jury that the damages recoverable should be diminished in proportion to the amount of negligence attributable to the decedent was not more unfavorable to the defendant than the rule as to the measure of damages applicable under the Federal employer's liability act; and a refusal to charge, upon request, the rule under the Federal employer's liability act was not error. *Southern Ry. Co.* v. *Wessinger*, 32 *Ga. App.* 551 (2), 556 (124 S. E. 100).

9. A charge to the jury, that the defendant railroad company is under a duty to exercise ordinary care to keep its tracks and road-bed in "proper condition," and that if, because of any defect or insufficiency due to the defendant's negligence in this respect, an employee is killed, there may, under proper proof, be a recovery in damages, is not error in that it fails to state that the defendant is under a duty to exercise ordinary care to keep its track and road-bed in a reasonably safe condition for such work as a servant is called on by his duty as a servant to do, "under such conditions as the railroad company should have reasonably anticipated would be in existence in the method of the employee in discharging his duties as its servant." This charge is almost in the language of the statute which provides that a railroad company shall be liable for any injury or death resulting in whole or in part "by reason of any defect or insufficiency, due to its negligence, its cars, engines, appliances, machinery, tracks, road-bed," etc. If this charge was error for the reason stated, the objection was removed by an elaboration in the language set out in the objection, in a subsequent portion of the charge, where the jury were instructed that a railroad's duty as to providing a servant a safe place to work "would be discharged by the exercise of ordinary care on its part to provide a reasonably safe place for such work as he was called upon, by his duty as a servant, to do, under such conditions as it should have reasonably anticipated would exist in the method of his discharging his duties as its servant."

10. Where, in the trial of a case under the Federal employer's liability act, the court charged the jury, with reference to reducing to a present cash valuation a sum representing damages for loss of future benefits, that in making such reduction the jury should make an "adequate allowance, according to the circumstances, for the earning power of money," and that it should "be reduced to its present cash value upon a rate of interest which you may fix as reasonable, just, and right under all the circumstances," the charge stated a correct rule of law; and in the absence of a special request for a more specific charge, a failure of the court to charge that the jury, in making such reduction, should take into consideration the earning power of money when invested with ordinary care, was not error.

11. No error of law appears; and the evidence supports the verdict found for the plaintiff in the sum of $10,000.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 29, 1928.

Damages; from Fulton superior court—Judge Pomeroy. December 18, 1926.

Application for certiorari was made to the **Supreme Court.**

*Tye, Peeples & Tye,* for plaintiff in error.

*Reuben R. & Lowry Arnold, B. P. Gambrell,* contra.

