## 19234. LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* RUDDER, administratrix.

DECIDED APRIL 9, 1929.

*Tye, Thomson & Tye, William Butt, Morris, Hawkins & Wallace,* for plaintiff in error.

*Hewlett & Dennis,* contra.

BROYLES, C. J. 1. This was a suit for damages against a railroad company for the homicide of one of its employees. It was brought under the Federal employer's liability act, and hence no presumption of negligence arose against the defendant on proof that the homicide was caused by the running of one of its trains. On the contrary, the burden was upon the plaintiff to affirmatively show that the defendant was negligent in some one of the ways alleged in her petition, and that such negligence was the proximate cause of the homicide. Patton *v.* Texas & Pacific Ry. Co., 179 U. S. 658 (21 Sup. Ct. 275, 45 L. ed. 361). However, this can be shown by either direct or circumstantial evidence, and in the instant case the direct and circumstantial evidence, together with

the legal and reasonable inferences arising therefrom, authorized the jury to find that the plaintiff had carried this burden.

2. Under repeated rulings of the Supreme Court of the United States, in a suit against a railroad company, brought under the Federal employer's liability act, the "scintilla of evidence" rule, of force in this State, can not be applied. In such a case the Federal rule is that the submission to the jury of contested issues of fact is not required in the Federal courts where there is only a scintilla of evidence; and this rule must be applied by State courts in all cases arising under the Federal employer's liability act. Chicago, Milwaukee & St. Paul Ry. *v.* Coogan, 271 U. S. 472, 474 (46 Sup. Ct. 564, 70 L. ed. 1041). However, in the instant case, as was said by the Supreme Court of the United States, in Western & Atlantic Railroad *v.* Hughes, 278 U. S. 496 (49 Sup. Ct. 231), decided February 18, 1929, affirming the judgment of this court, 37 *Ga. App.* 771 (142 S. E. 185) : "We need not consider whether the rule prevailing in Georgia differs substantially from the Federal rule, for even under the Federal rule it was proper to submit the case to the jury. The evidence introduced by the plaintiff was substantial; and was sufficient, if believed, to sustain a verdict in her favor. There was much conflict in the evidence. . . Some of the testimony given by witnesses for the railroad would, if believed, have entitled it to the verdict as a matter of law. Some of the testimony given by witnesses called by the plaintiff does not seem to us persuasive. But the credibility of the witnesses and the weight of the evidence were obviously matters for the jury."

In the instant case the material facts which formed the basis of the plaintiff's theory as to how the homicide occurred were established by substantial evidence, and the theory itself was a reasonable and legitimate one, and was not left in "the realm of speculation and conjecture," as was the respondent's theory in the Coogan case. The case of Patton *v.* Texas & Pacific R. Co., 179 U. S. 658 (21 Sup. Ct. 275, 45 L. ed. 361), and the other cases cited in the brief of counsel for the railroad company, are distinguished by their facts from the instant case. The case of Delaware, Lackawanna & Western R. Co. *v.* Koske, 279 U. S. 7 (49 Sup. Ct. 202), decided February 18, 1929, in which it was held that the plaintiff· (an employee of the railroad company) had

assumed the risk attending work in the railroad's yard drained by a shallow open ditch or trench, used for the purpose of draining the yard, into which he fell while alighting from an engine of the company in the performance of his usual duties, and in which case the evidence showed that during the eleven years of his employment the ditch was in the same place and was maintained in the same condition as it was at the time of the infliction of the injuries sued for, is quite different from the case at bar.

3. While the damages recoverable in this case can only be compensatory, and their measure is what the beneficiaries named in the statute, or either of them, and no one else, necessarily lost by the death of the deceased employee, nevertheless, in measuring the damages, the jury were authorized to consider the age, health, earning capacity, expectancy of life, and character of the deceased employee, his manner of treatment of his family, and the amount he contributed from his wages for their support, and to calculate from all these facts the present value of the amount which they, as reasonable and practical men, found and believed the beneficiaries to have lost because of the death of the employee. Roberts on Federal Liabilities of Carriers, Vol. 2, sec. 608, pp. 1073, 1074. Under this ruling and all the particular facts of the instant case, this court can not hold as a matter of law that the verdict (for $15,000) was excessive.

4. In the light of all the facts of the case, none of the special grounds of the motion for a new trial show cause for a reversal of the judgment.

5. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*