21178. CENTRAL OF GEORGIA RAILWAY CO. *v.*
ANDERSON.

DECIDED APRIL 14, 1931.

*Cleveland, Goodrich & Cleveland, E. M. Smith, R. O. Jackson,* for plaintiff in error.

*Darsey & Darsey,* contra.

LUKE, J. Eugene Anderson brought an action against Central of Georgia Railway Company to recover for an injury alleged to have resulted from negligence of a coemployee and superior servant while both were in the service of the company. The trial resulted in a verdict and judgment in favor of the plaintiff for $1500, and, the defendant's motion for a new trial having been overruled, the case came to this court for review.

The first assignment of error complains that, after the jury had retired to consider their verdict, the court, upon the jury's request, permitted counsel for the plaintiff to reread to the jury a physician's entire testimony given upon a former trial of the case, which, by consent of both parties, had already been read to the jury once by counsel for the plaintiff. It not appearing that the ground of the objection to the reading of this testimony to the

jury was stated when such objection was made, this assignment of error is not in proper form for consideration. "To make an objection to evidence available in the reviewing court, it must appear that objection was made, and upon what ground it was made, in the trial court. It is not sufficient that the evidence was admitted over objection; nor that certain reasons are stated in the motion for new trial why the evidence was not admissible." *Norman* v. *McMillan*, 151 *Ga.* 363 (4) (107 S. E. 325); *Clare* v. *Drexler*, 152 *Ga.* 419 (5) (110 S. E. 176). However, we are satisfied that, in any event, none of the numerous reasons stated in the motion for new trial why the court committed reversible error is meritorious. In this connection, see *Strickland* v. *State*, 115 *Ga.* 222 (2), 224 (41 S. E. 713); *Roberts* v. *Atlanta Consolidated St. Ry. Co.*, 104 *Ga.* 805, 806 (30 S. E. 966); *Vann* v. *State*, 83 *Ga.* 44 (12-a) (9 S. E. 945); *Green* v. *State*, 122 *Ga.* 169 (50 S. E. 53).

■ The second special assignment attacks the following excerpt from the charge of the court: "If you find that the plaintiff is entitled to recover because of the alleged acts of negligence, [and?] that he could not earn more than one half of his former earning capacity, that is, his former earning capacity before the alleged injury was received, you may then allow such damages for such loss of time which the evidence may disclose that he has thus been incapacitated to do full labor according to his full earning capacity." It is contended that this charge was confusing and misleading and intimated and expressed an opinion that the earning capacity of the plaintiff had been diminished one half. In the exception these contentions are enlarged upon, though in the brief of counsel for plaintiff in error they are not argued, but are "expressly urged." It is urged that the charge was confusing and misleading not because of any inherent defect in the charge itself, but because "the court should have submitted the question as to how much time, if any, the plaintiff lost by reason of the alleged injury, and the value of such lost time, and should not have confused this issue with the instructions about diminution of earning capacity." Again, it is insisted that "this portion of the charge confused the question of past injury due to lost time with the question of future injury due to impairment of plaintiff's ability to labor." The petition alleged that the plaintiff "was forced to stop work, and that he had been unable to work more than half his time since said injury and

because of said injury." It alleged also "that he has been permanently injured, and his earning capacity decreased at least fifty per cent." Clearly, we think, in view of these averments and of the evidence adduced in their support, the plaintiff was entitled to have the jury charged in general terms upon the first of these elements of the alleged damages. We do not think the language was confusing, especially in the light of other portions of the charge upon the measure of damages, together with which it must be read and construed. Desiring to have the jury instructed more specifically upon the measure of damages applicable to the loss of time from the date of the injury to the date of the trial, then, at least, a timely request in the premises was in order. No such request was submitted to the court by the defendant. We hold the assignment to be without merit.

■ The third special assignment challenges as error the following excerpt from the charge of the court: "If you find that the plaintiff is entitled to recover, and that he has suffered a permanent impairment of his ability to labor by reducing his earning capacity by one half thereof, you may allow him damages for such permanent injury to his earning capacity, taking into consideration the value of his earning capacity, the probable period of his expectancy in life, under all the evidence in the case, including the expectancy tables introduced in evidence; and then it is finally left with the jury to arrive at the results of their verdict for permanent injuries, if they find therefor, by any method that you may choose to adopt, reducing such sum as you may find as permanent damages to its present cash value, figured at a rate not to exceed seven per cent." It is insisted that the foregoing charge is confusing, misleading, and erroneous for the following reasons: (a) "Because the court nowhere instructed the jury to find from the evidence how much, if any, the plaintiff's earning capacity had been diminished; and because said charge was an intimation and expression of opinion by the court that the plaintiff's earning capacity had been diminished one half. (b) Because the court nowhere instructed the jury how to calculate the amount of damages due to diminished capacity. (c) Because, in charging upon the "expectancy tables introduced in evidence," the court "failed to instruct the jury that it rarely happens that a man labors every day until his death, or receives all the while a fixed and regular income from his labors;

nor does his capacity to earn money remain undiminished to old age." And, "in arriving at the amount to be allowed as damages in any particular case, these things should be carefully borne in mind." (d) "Because said instruction was manifestly erroneous in the manner of reducing the gross sum of plaintiff's loss to the present cash value." In reference to this assignment, the trial judge, in his judgment overruling the motion for a new trial, said: "Before the court charged the jury on the subject of permanent damages the court inquired of counsel for the plaintiff, in the hearing of counsel for defendant, if he desired the court to give the long charge to the jury on the subject of permanent damages in connection with the introduction of the mortality tables introduced in evidence; to which question a negative reply was made; whereupon the general charge·on said subject was given as is set forth in the record. No request, either oral or written, was made by counsel for defendant company for the court to amplify the charge given on the subject of permanent damages, or to give any charge whatever on said subject. It is the opinion of the court that the charge of the court given on the subject of permanent damages was not confusing to the jury, and that, in the absence of a request from counsel for defendant for a more specific charge on said subject, ground No. 3 of the amended motion sets forth no legal grounds for the granting of a new trial for the reason that said charge was a general charge on said subject. *So. Ry. Co.* v. *O'Bryan,* 119 *Ga.* 148 (4) (45 S. E. 1000); *Central R. Co.* v. *Ray,* 129 *Ga.* 353 (58 S. E. 844); *Boswell* v. *Barnhart,* 96 *Ga.* 524 (23 S. E. 414); *L. & N. R. Co.* v. *Trout,* 141 *Ga.* 122 (80 S. E. 622); *Bart* v. *Scheider,* 39 *Ga. App.* 467 (4) (147 S. E. 430); *Merchants &c. T. Co.* v. *Corcoran,* 4 *Ga. App.* 670 (c) (62 S. E. 130); *L. & N. R. Co.* v. *Stallings,* 35 *Ga. App.* 376 (133 S. E. 288); *Hudson* v. *Carton,* 37 *Ga. App.* 636 (3) (141 S. E. 222)." "Sub-paragraph (d) of said ground No. 3 is without merit, as no such rule as that stated therein for arriving at the present cash value of any given sum is authoritatively recognized by the laws of this State. Neither was it error for the court to leave it to the jury as to what rate of interest up to 7 per cent. they should use in ascertaining the present cash value of a given sum, as the judge is not required in his charge to name the rate of interest the jury shall use in reducing a verdict for damages to its present cash value. The jury can fix

any rate under the facts and circumstances that they may deem reasonable and right. *Bart* v. *Scheider,* supra; *W. & A. R.* v. *Hughes,* 37 *Ga. App.* 773 (10) (142 S. E. 185); *W. & A. R.* v. *Townsend,* 36 *Ga. App.* 70 (7) (135 S. E. 439); *So. Ry. Co.* v. *Woodward,* 39 *Ga. App.* 173 (3) (146 S. E. 561). In view of the authorities cited to the effect that if other than a general charge on the subject of permanent damages and the measure thereof is desired, it is incumbent on the party desiring the same to make a request therefor, which counsel for the defendant company in the instant case failed to do; and because of the fact that the verdict rendered by the jury in favor of the plaintiff is in the opinion of the court reasonable in amount and amply supported by the evidence in the case, the verdict should not be set aside, under the authority of the cases of *Central of Ga. Ry. Co.* v. *Hill,* 21 *Ga. App.* 231 (94 S. E. 50), *W. & A. R. Co.* v. *Roberts,* 144 *Ga.* 250 (86 S. E. 933), *Central R. Co.* v. *Dottenheim,* 92 *Ga.* 425 (3) (17 S. E. 662), *W. & A. R. Co.* v. *Moore,* 94 *Ga.* 457 (6) (20 S. E. 640), or *Furney* v. *Tower,* 34 *Ga. App.* 739 (6), 743 (131 S. E. 177), as neither of these cases necessarily turned upon the question that it was or was not the duty of the court, without a request properly being made therefor, to amplify the charge on the subject of permanent damages and the measure thereof."

We think that the foregoing pertinent and comprehensive statement of the trial judge in regard to the questions raised by the 3d special ground of the motion for a new trial sufficiently covers and correctly decides those questions. We therefore hold that special ground 3 discloses no reversible error.

Special ground 4 complains of the following excerpt from the charge of the court: "Now, if you believe that the plaintiff is entitled to recover in this case, under all the evidence in this case and the principles of law given you in charge, then I charge you that the form of your verdict would be, 'We, the jury, find for the plaintiff' so many dollars and cents as damages; not to exceed the total sum sued for, namely $10,000; that is, that your verdict could be, if you find for the plaintiff, any sum from $1 up to $10,000." We quote from the ground: "Movant alleges that said charge was error because it was confusing and misleading. Coming at the end of the charge, and being in effect a summing up of the charge, it instructed the jury, without proper qualification,

that they could find a verdict in favor of the plaintiff for any amount less than $10,000." Our judgment is that this assignment of error is without merit.

■ Special ground 5 complains that "the verdict in said case was excessive and unsupported by the evidence, and shows either prejudice or bias on the part of the jury, or that they wholly misconstrued and misunderstood the rules of law governing the measure of damages in said case." In view of the fact that there was evidence from which the jury had the right to conclude that the plaintiff suffered a serious permanent injury by reason of the defendant's negligence, this court can not say that the amount of the verdict evidences bias or prejudice on the part of the jury. There is no merit in this exception.

■ Enough has already been said to indicate our opinion that the evidence amply supports the verdict, and that there is no merit in the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*