25236. SOUTHERN RAILWAY COMPANY *v.* BLACK.

DECIDED MAY 27, 1936. REHEARING DENIED JUNE 30, 1936.

*McMillan & McMillan, E. J. Kimsey, Wheeler & Kenyon,* for plaintiff in error.

*Sam Kimzey, Herbert Griggs,* contra.

GUERRY, J. On motion for rehearing, the opinion heretofore rendered in this case on May 27, 1936, is withdrawn and the following substituted:

R. P. Black sued the Southern Railway Company for a tort arising out of a breach of contract of carriage. See same case, 48 *Ga. App.* 445. The petition alleged that he delivered to the defendant at Cornelia, Georgia, 516 bushel-baskets of apples to be transported to Jacksonville, Florida. In one count the petition alleged that these apples were of the value of $1284, and that because of the defendant's negligence in handling them they were damaged and their market value totally destroyed. In another count he alleged only a partial destruction. The evidence showed a delivery of the apples to the defendant, and that upon their arrival in Jacksonville they were damaged and their value partially destroyed. The jury returned a verdict in favor of the

defendant. A new trial was granted by the court, and the defendant excepted. The only question to be determined by this court, this being the first grant of a new trial, is whether the evidence demanded the verdict in favor of the defendant.

In a suit against a carrier for breach of contract of carriage by damaging goods entrusted to it, where the damage is not total but only partial, the burden is on the plaintiff to present to the jury sufficient evidence from which it can with reasonable certainty determine the exact amount of the damage. *American Railway Express Co.* v. *Dubois,* 28 *Ga. App.* 274 (111 S. E. 70); *Atlanta & W. P. R. Co.* v. *Texas Grate Co.,* 81 *Ga.* 602, 609 (9 S. E. 600); *Southern Express Co.* v. *Bass,* 24 *Ga. App.* 742 (102 S. E. 168); *Atlantic Coast Line R. Co.* v. *Hogrefe,* 37 *Ga. App.* 636 (2) (141 S. E. 214). The evidence for the plaintiff, though it was sharply contested, tended to show that at the time of the delivery to the consignee in Jacksonville "the load [in the car] was badly shifted, baskets shifted out from the bunker-walls towards the center of the car, baskets throughout all accessible parts of the load showed jammed, broken, and squeezed out of shape;" that sound apples of this kind had a market value that day of $2.50 per bushel in Jacksonville; that the apples came up to standard size, but were refused on account of their damaged condition; and that after being disposed of as soon as possible, the plaintiff received from the net sale of the apples only $34.67. The consignee also testified as to the price he had agreed to pay the plaintiff for sound apples, and that when the car was inspected they were in a "terrible condition, shifted, bruised, and damaged in transit," and that "it was impossible to sell the apples in their damaged condition at that time; we placed them on cold storage and sold them as quickly as possible and at best price obtainable, considering their damaged condition. It was impossible to sell these apples at all when they first came into our hands—there was no market at all for these apples at the time I received them." The evidence also showed how they were handled, what was done, what the expense of selling amounted to, and the net amount ($34.67) received after paying charges including $186.50 paid to the railroad for freight. We can not say that this evidence was insufficient for the jury to determine with reasonable certainty the exact amount of the damage, provided they determined that the

defendant was liable. This being the first grant of a new trial, and the verdict not being demanded, this court will not interfere. *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*