THE GEORGIA RAILROAD AND BANKING CO. *vs.* PHILLIPS.

Where suit was brought against a railroad for the killing of a horse, and it was shown that the horse was killed by the running of the defendant's train, a presumption of negligence arose, and although the engineer testified that he was in the use of all ordinary and reasonable diligence, yet where there was some evidence tending to contradict his account of the occurrence and to sustain the presumption of negligence, and where two juries have found in favor of the plaintiff and the court has refused a second new trial, this court will not interfere.

(a) Damages, on the ground that this case was brought up for delay only, are denied.

April 19, 1887.

Railroads. Damages. Negligence. Presumptions. Verdict. New Trial. Before Judge LAWSON. Baldwin Superior Court. July Adjourned Term, 1886.

Phillips brought suit against the Georgia Railroad to recover damages for the killing of a horse by the running of its train. On the trial, the evidence for the plaintiff was, in brief, as follows: Several farms were enclosed under one fence, and at certain seasons the proprietors would turn their stock out to graze. Two railroads ran through the enclosure and formed a junction a few hundred yards beyond the place where the horse was killed, and several trains passed over these roads in the day and night. Plaintiff's horse and three others were turned into this enclosure or field. One morning the horse was found dead beside the defendant's track, with its head cut off, apparently killed by a train. None of its legs were broken. The tracks of the animal and the signs of blood and hair upon the track indicated that the horse had gone upon the track and run at full speed a distance of 125 to 160 feet by estimate, and had been overtaken ten or fifteen feet before reaching a trestle over a gully, and that it had been carried by the engine some feet beyond the trestle, which was fifteen or twenty feet long. There was testimony as to the value of the horse.

The defendant introduced only one witness, its engineer, who testified, in brief, as follows : On the night the horse was killed, the train passed a crossing some distance back, and there the usual signal was given. Thence the track was on an up-grade until it reached a point some three hundred yards from the trestle; thence it descended. At the top of the grade, steam was shut off and the train rolled down, increasing in speed until it reached about twelve or fifteen miles an hour. The horse went upon the track and ran about thirty yards, then reached the trestle and fell or stopped, with its body on the track. When the engineer saw it, he blew the whistle for brakes to be put on, reversed the engine, put on steam and did everything possible to avoid the accident. The engine-brake was put on, and he thought a coach-brake, from the effect on the speed, which was diminished about half. He was on the lookout and thought the fireman was oiling the cylinder. There were four coaches and two box-cars composing the train, each with hand-brakes. The brakes on box-cars are not used. There was one, perhaps two, besides the fireman, who put on the engine-brake. They could put on all the brakes if given time, but could not do so in thirty yards. The rule was to slacken the speed to six miles an hour in passing the junction, but he had not begun to do so when the horse got on the track. It would take 150 to 200 yards to make this change in speed and something further to stop. He thought, by applying the hind-brakes and reversing the engine, he could "take up" the train in about 150 yards. He thought one of the horse's legs was broken.

On the first trial, a mistrial was declared; on the second, a verdict for $150 was rendered for the plaintiff, and a new trial was granted; on the third, the jury found for the plaintiff $198.41. The defendant moved for a new trial on the ground that the verdict was contrary to law and evidence; the motion was overruled, and it excepted.

Jos. B. CUMMING; WHITFIELD & ALLEN; J. H. LUMPKIN, for plaintiff in error.

C. P. CRAWFORD, for defendant.

HALL, Justice.

Phillips brought suit against the Georgia Railroad and Banking Company to recover damages for the killing of his horse by the running of its cars. The case was tried twice, and there were two verdicts in favor of the plaintiff. The first was set aside upon the general grounds of the motion that it was contrary to law, evidence, etc., and a new trial ordered. A motion was made to set aside the second verdict upon the same grounds, and the court was asked to grant another new trial, which he refused.

It is clear from the evidence that the horse was killed by the running of the cars of the railroad company; indeed, that fact is not contested. The railroad, in order to rebut the presumption arising from this injury, attempted to show, and did show by its engineer, that he was in the exercise of all ordinary care and diligence in running the train and did everything in his power to avoid the casualty. Evidence, however, was given in rebuttal of his statement; and although that evidence was not of a very convincing character, still it tended, in some measure, to contradict his account of the occurrence and to sustain the presumption of negligence which the law raised against the company upon proof of the killing of the animal. Adding the interest, the second jury found about the same amount as the former jury did in the case, and while we might not have concurred in the verdict had we been of the jury, we are not at liberty to place ourselves in their position. It was within their province, not ours, to pass upon the questions submitted, and under the settled rules of the court, we shall be compelled, especially where there have been two concurring verdicts, to affirm this judg-

ment. But we do not allow the damages which the defendant in error asked for bringing this case here, as he insists, for delay only. He has already gotten all, and perhaps more than he should, under the circumstances, have recovered.

Judgment affirmed.