BRUNSWICK LIGHT &c. Co. *v.* GALE *et ux.*, and *vice versa.*

1. Under the act of November 12th, 1889, amending section 3719 of the code, when the term of court continues longer than thirty days after a trial is had, the expiration of the thirty days is the end of the term for that case so far as an application for a new trial and filing a brief of evidence are concerned. The prior law was left unchanged in every other respect, and consequently the power of the court to grant, by special order passed within the thirty days, further time for filing the brief of evidence was not taken away or affected.

2. The action being by a married woman for physical injuries and their consequences, the terms of section 3067 of the code are not literally applicable to the same, but the principle of the section, except as to proving the worldly circumstances of the parties, is applicable. Inasmuch as the earnings of the wife belong to her husband, her individual and personal damages can be measured only by the enlightened conscience of an impartial jury.

3. If the plaintiff fell into the hole referred to and described in her declaration, and that hole was caused by the defendant's negligence, and if she could not have avoided it by the exercise of

ordinary diligence, she might recover; but if the hole into which she fell was a different one from that described in the declaration, or if it was not caused by the defendant's negligence, or if she could have avoided it by the use of ordinary diligence, she could not recover.

4. That some boys pointed out a hole to the plaintiff's husband and said it was the one into which the plaintiff fell, and that the husband afterwards pointed out the same to another witness and said it was the hole into which his wife fell, is not competent evidence; but that a hole was found and examined by the witnesses at the street intersection where the plaintiff testified the hole was, would be competent evidence, it not appearing that there was more than one hole at this street intersection. It would be a question for the jury whether all the testimony referred to the same hole.

5. The court having charged the jury as to the effect of a failure by the plaintiff to exercise ordinary care, there was no error in declining to charge as requested in the 18th, 19th and 20th grounds of the motion.

6. The court having determined that the ground in the motion for a new trial complaining that the damages found by the jury were excessive was well taken, it was error not to grant a new trial unconditionally, there being in the evidence no guide or criterion by which the court could determine the amount which should be written off.

July 24, 1893.

Before Judge SWEAT. Glynn superior court. May term, 1892

Gale and wife sued the Brunswick Light and Water Company for damages from personal injuries alleged to have been sustained by the giving way of the earth under Mrs. Gale while walking upon a public street of the city of Brunswick; it also being alleged that the defendant had dug up and removed the earth for the purpose of laying some piping, and after replacing the earth, had failed to pack the same so as to be safe for foot-passengers, or in replacing it had done so in such a careless manner as to leave a cavity below the surface so as to render it unsafe for foot-passengers to travel over, etc. There was a verdict for plaintiffs for $10,000. Defendant moved for a new trial, which the judge ordered should be granted unless the plaintiffs would write off

from the verdict $2,500. This they did, and defendant excepted to the refusal to grant a new trial.

1. During the term at which the case was tried, on May 28th, the defendant filed its motion for a new trial, and at the same time took an order reciting that the testimony was voluminous and the stenographer had not had time to transcribe his notes, and requiring him to do so within twenty days from May 28th, and deliver the same to counsel for movants, and that counsel have until July 5th in which to perfect their motion theretofore made, and to file a brief of the testimony. On the 5th of July, and during the same term, movants filed a brief of evidence under an order which stated that, it appearing to the court that the brief of evidence had just been completed and handed to counsel for movant, and that there had not been time to revise and approve the same, it was ordered that the brief be filed subject to revision and approval by the court at the hearing of the motion. Said brief was afterwards, on July 18th during the same term, approved by the court, the hearing of the motion having been set down for that day. Plaintiffs moved to dismiss the motion, upon the ground that the application for new trial was not filed together with a brief of evidence as provided by law, subject to the approval of the judge, within thirty days from the trial, that is, no brief of the evidence was filed with the application for new trial, either under the approval or subject to the approval of the judge, within thirty days from the trial. The motion to dismiss was overruled, and plaintiffs took a cross-bill of exceptions.

2. The motion for new trial alleged that the court erred in charging the jury in the language of the first sentence of section 3067 of the code.

3. Error was assigned on the following charge: "If, however, you should find that there was a washout or hole made by the caving in by the side of the city's drain,

whether connected with or disconnected with the defendant's ditch, which was caused or resulted from the neglect or improper construction of the same, into which Mrs. Gale stepped and was injured; and that Mrs. Gale by ordinary care could not have avoided the consequence to herself caused by the defendant's negligence, then the court charges you the plaintiff would in such case be entitled to recover."

4. Testimony of I. N. Bishop was admitted over objection, as follows: "I was shown the hole near Dr. Gale's residence, in which Mrs. Gale fell. Dr. Gale showed me that hole. I looked at it and passed my cane down into it and struck something of solid nature; as near as I can remember, I made the remark that that sounded like piping; this was as I was going to see Mrs. Gale; it was on what you might say the side of the pavement crossing Gloucester and Egmont streets. I did not measure it and I could not say exactly how many inches it was from any particular point; the hole there was evidently where a ditch had been dug and filled in." The objection was, that no witness had sworn as to the identity of the hole as the one into which Mrs. Gale had fallen, and the hole must be first shown to be the one into which she fell before Bishop could testify about it. It appears from the brief of evidence that before Bishop was put upon the stand, Mrs. Gale had testified and had described the location of the place where she claimed to have been hurt. Further error is alleged, in allowing Gale "to testify as to the condition of the hole, said hole not being identified by any witness who saw the accident, and the said Gale's testimony as to the identity of said hole being simply hearsay, the objection being that such testimony was illegal and hearsay." Before Gale testified Mrs. Gale and Bishop had testified, and one Wiggins had testified as to seeing Mrs. Gale fall into the hole, and as to what was the location of the place where she

fell.   Gale testified that the place was shown to him by some little boys who saw his wife fall into it, etc.

5.   Error in refusing to charge, as requested by defendant : (18th ground) "That if the jury should find from the evidence that the defendant dug a ditch on Egmont street at the intersection of Gloucester street for the purpose of laying a water-pipe or gas-pipe, and after laying such pipe, carelessly and negligently filled the earth into such ditch without ramming or packing such earth so as to render the surface firm and safe for the purpose of walking, riding or driving over, and that the plaintiff Mrs. Joseph L. Gale stood present and saw how such ditch was filled, and that she knew or had reason to know, in the exercise of ordinary diligence, that such was carelessly filled, and that it was not sufficient to bear her weight without allowing her to sink into it, and that the plaintiff Mrs. Gale knew or had reason to know, exercising the prudence of an ordinary prudent man, that by stepping upon such so filled ditch she was likely to sink into it, and yet, notwithstanding such knowledge, the plaintiff stepped upon such ditch and was injured, that in such case she cannot recover; because, if the jury believe from the evidence that the defendant was negligent, but that the plaintiff Mrs. Gale, by reason of ordinary diligence, could have avoided the consequences to herself caused by the negligence of the defendant, she is not entitled to recover." (19th ground) " That if a plaintiff knows of an act of negligence upon the part of a defendant by which a place is rendered dangerous, and yet with full notice of such danger thrusts himself into such dangerous place and is injured; that if such plaintiff, by the exercise of ordinary care, could have avoided such dangerous place, that such plaintiff cannot recover for such injury." (20th ground) "That if the jury should find from the evidence that the defendant, after laying their pipe at the place where plaintiff alleges

she was injured, negligently filled in the earth into the ditch in such a manner as to render the surface dangerous; and that the plaintiff knew of such negligence and consequent danger, and at that point had a bridge over which she could have safely passed, and yet walked upon the dangerous surface with knowledge of the danger, that then in such case, if the jury should find from the evidence that the plaintiff by the exercise of ordinary care, *i. e.* such care as an ordinary prudent man would have exercised under like circumstances, and thus avoided the consequence to herself caused by the defendant's negligence, then in such case the plaintiff cannot recover."

6. The defendant company, in addition to its exception to the overruling of the motion for a new trial, assigned error in that, as the evidence furnished no unit of measure by which it could be judicially determined what would have been a proper amount for the jury to find in favor of the plaintiff, the judge, having determined that the verdict was excessive, had no power to fix the amount by his judgment, but should have granted a new trial.

HARRIS & SPARKS, MERSHON & SMITH and SPENCER R. ATKINSON, for the company.

COURTLAND SYMMES, by J. H. LUMPKIN, *contra.*

SIMMONS, Justice.

1. In some counties of this State the sessions of the superior court last for several months. Formerly, under the code, a party desirous of moving for a new trial had until the end of the term at which the case was tried to make his motion and file his brief of evidence; and the court then had power, by special order granted in term, to extend the hearing to a day in vacation. The successful party on the trial was often compelled to wait until the end of the term to ascertain whether there would be a motion for a new trial or not. To prevent this long delay in applications for a new trial, the legis-

lature, by the act approved November 12th, 1889 (Acts 1889, p. 83), amended the code by declaring that "when said term continues longer than thirty days, said application shall be filed within thirty days from said trial, together with a brief of evidence, as provided by law, subject to the approval of the judge, subject to the same right of amendment as is now allowed in applications for a new trial," etc.   Properly construed, this act means that the term of the court, unless sooner adjourned, ends as to the particular case at the expiration of thirty days from the trial, so far as the application for a new trial and the filing of a brief of evidence are concerned. If the losing party fails within that time to file his application for a new trial, the term of the court is closed as to him the same as if it had adjourned.   The old law required the losing party to make his application for a new trial during the term in which the trial was had, except in extraordinary cases ; and if he failed to move during the term, he was remediless ; but if he made his motion during the term, he could ask the judge for an order granting him further time in vacation to perfect his motion and file his brief of evidence.   So under the new law, if he fails to move in thirty days after the trial, he is barred ; but if he makes his motion within the thirty days, he still can ask the judge for further time in which to perfect his motion and file his brief of evidence, and the judge still has power to grant the application.   In this respect the act of 1889 does not change the prior law.   It appearing in this case that the motion for a new trial was filed within thirty days from the trial, the court had the right to order as he did that further time be allowed for filing the brief of evidence.   The motion to dismiss the motion for a new trial, on the ground that the brief of evidence was not filed within thirty days from the trial, was therefore properly overruled.

2. The action was for damages from personal injuries alleged to have been sustained by the plaintiff, Mrs. Gale, from the giving away of earth under her while walking upon a public street of the city, causing her to fall into a hole, this resulting from the negligence of the defendant in replacing the earth over a place where a ditch had been dug for the purpose of laying piping therein. The court in charging the jury read from section 3067 of the code that part of it which declares that "In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors." It was error to give in charge this section of the code as applicable to the case under consideration; for it is only applicable as a whole to that class of cases where the entire injury is to the peace, happiness or feelings of the plaintiff. But where, as in this case, a married woman sues for physical injuries and the pain and suffering resulting therefrom, and cannot recover for loss of earnings, medical attention, etc., the principle of the section is applicable, inasmuch as her damages can be measured only by the enlightened conscience of an impartial jury. She is not allowed, however, to prove, nor can the jury take into consideration, as provided by this section, the worldly circumstances of the parties, the amount of bad faith in the transaction, etc. *Georgia Railroad* v. *Homer*, 73 *Ga.* 251.

3, 4, 5. Other grounds of the motion for a new trial, which are ruled upon in the 3d, 4th and 5th head-notes, do not require further discussion.

6. The jury returned a verdict for $10,000.00 damages. The court ordered a new trial unless the plaintiff would write off from the verdict $2,500.00. In a case of this kind, as we have said, where the action is for a personal injury and for pain and suffering resulting

therefrom, and there are no other elements of damage for which a recovery can be had, such as loss of earning capacity, etc., there is no guide or criterion by which the amount of damages may be measured, except the enlightened conscience of impartial jurors. There is no criterion, therefore, by which the court can estimate the proper amount of damages, and he has no power to reduce the verdict by ordering a certain amount written off. If the verdict is so excessive as to cause him to suspect bias or prejudice, he can set it aside and order a new trial before another jury, but he must do this unconditionally. In actions on contracts, or for torts to property, in relation to which some fixed rules for the measure of damages are recognized, he may order a certain amount written off; and in an action for the homicide of a person, where the value of a life may be shown, according to certain recognized rules, he might perhaps have power to reduce an excessive verdict to an amount which would be proper under the proof. *S. F. & W. Ry. Co.* v. *Harper*, 70 *Ga.* 119. And see *C. R. R.* v. *Crosby*, 74 *Ga.* 739.

*Judgment on the main bill of exceptions reversed, and on the cross-bill affirmed.*