The Western & Atlantic Railroad Co. *v.* Moore.

1. There was no error in allowing the plaintiff to testify that her husband, after paying his "cab board," which amounted to $5, brought her $59 at the end of every month he was at work, and that he had no other means or resources except his wages, the evidence being offered to show what were the earnings of the deceased, and the objection being that the amount turned over to the plaintiff by her husband at the end of the month was no standard by which to measure his earnings.

2. There was no error, while explaining to the jury the law that an employee in order to be entitled to a recovery must be free from fault, in using the expression that "he must not have contributed to the injury." This was no intimation that there could be a partial recovery by such employee in case he contributed to bringing about or causing the injury.

3. Under a rule of a railroad company in these words: "Conductors and trainmen are required to be at terminal stations 30 minutes. before the leaving time of their trains. Brakemen must examine the coupling apparatus and brakes before train starts and report to the conductor such as are not in good order," it would *prima facie* be incumbent upon brakemen to examine brakes only at terminal points, before the starting of a train. It was improper to leave to the jury the determination of the meaning of the rule, and evidence was not admissible to show that employees of the company interpreted and acted upon the rule as meaning that it was a brakeman's duty to examine the brakes upon a car taken at a station before the train left that station, without showing that the plaintiff so understood or so acted on the rule, or knew that. the other employees did so. An ambiguous rule promulgated by a corporation for the government of its employees in a dangerous:

service, should generally be taken in its stronger sense against the corporation and in favor of the employee.

4. Where the court clearly instructed the jury that the railroad company could defend by showing that the employee injured was in fault or that the company was without fault, and that if it established either of these defences it was not liable, the expression "it would be upon them (the company) to show either of these things, and if they (the company) fail to show either one of these things, the plaintiff would have a right to recover," could not have misled the jury, and is no cause for a new trial. Taking the entire charge together, the jury must have understood that the establishment of either defence by the company would be sufficient, and that it was not necessary to establish both.

5. It was not error to refuse to give in charge to the jury the following request: "If the plaintiff's husband knew or ought to have known of the existence of the alleged defect in the brake before he attempted to use it, or he could have known it by the exercise of ordinary care and diligence on his part (that is to say, such care as every prudent man would have used under the same or similar circumstances),—if by using such care he could have discovered the defect, plaintiff cannot recover; because the law is, that a servant cannot recover of the master for an injury received in using defective appliances, either where he knew of the defect before using it, or could and ought to have discovered it before using it." This is sound law in the abstract, but there was no evidence from which the jury could infer that the plaintiff knew of the defect. Hence, the request in some of its terms was not applicable to the facts.

6. In its charge upon the measure of damages, the court erred in omitting to call the attention of the jury to the fact that in his declining years the capacity of the deceased to labor in his calling, and his ability to earn money, might have decreased, and that they should take this into consideration in fixing the amount of the damages. In view of the facts of this case and the amount of the verdict rendered, there ought to be a new trial because of this error.        *Judgment reversed.*

March 26, 1894.  Argued at the last term.

Action for damages. Before Judge GOBER. Cobb superior court. March term, 1893.

Mrs. Moore sued the railroad company for the homicide of her husband while in its service as a brakeman upon a freight-train, by the breaking of a brake-rod and wheel attached thereto, which he was turning to check speed of the train, whereby he was precipitated

to the ground and killed. She alleged that the brake-wheel and rod were defective, unsound and improperly fastened, which was known to defendant and unknown to Moore. She obtained a verdict for $8,000, and defendant's motion for a new trial was overruled. The grounds of the motion, which are material to this report, are so apparent from the head-notes, that it is unnecessary to set them out in full.

Payne & Tye and Sessions & Sessions, for plaintiff in error. Clay & Blair, *contra*.