*D. W. Blair, N. A. Morris,* and *G. D. Anderson,* contra.

---

WESTERN AND ATLANTIC RAILROAD COMPANY *v.* ROBERTS.

ATKINSON, J.   1. In an action against a railroad company for personal injuries, the petition alleged, among other things, the following in substance.   On a stated date and hour of the day the plaintiff was a passenger on one of the trains of the defendant, going to a designated station on the line of the defendant's railroad.   When the train came to

a standstill at the place of destination, the plaintiff immediately left his seat near the rear of the coach and started to the back steps for the purpose of alighting. The conductor in charge of the train immediately preceded the plaintiff, alighting just in front of him. While the train was standing still, the plaintiff started down the steps, holding to the guard-rail as he went down. He had reached the second step, and, having one foot on the step, was lowering the other to the next step. "While in this position, without any notice or warning to plaintiff, defendant negligently caused said train to give two or three sudden and violent jerks in quick succession backwards and forwards with great force, thereby causing plaintiff, to lose his balance and throwing him with great force and violence a distance of about eight or ten feet to the ground, causing him serious and painful injuries as will be hereinafter stated." In a subsequent paragraph the injuries were particularly described. In the 7th paragraph it was alleged that defendant negligently failed to stop the train at the place of destination "for a sufficient length of time for plaintiff to alight safely therefrom." Held, that when paragraph seven is considered in connection with the other allegations describing the manner in which the injury occurred, it was not subject to special demurrer on the ground that it stated a mere conclusion of the pleader, and that it was not made to appear what time was sufficient for the plaintiff to alight from the train.

2. Paragraph 8, which alleged that the defendant negligently started the train, without warning, while the plaintiff was in the act of alighting, was not subject to special demurrer on the ground that the facts alleged in the petition do not authorize the conclusions alleged in that para- graph.

3. Paragraph 9, which alleged that the defendant negligently started the train with "sudden and violent jerks backwards and forwards, without notice or warning, while plaintiff was in the act of alighting," was not subject to special demurrer on the grounds that its allegations were contradictory, and that it was not alleged in which direction the train was moving at the time the plaintiff was injured.

4. The petition was not subject to general demurrer.

5. While, on the trial of an action against a railroad company for personal injuries, testimony that the plaintiff subsequently complained of specific pains is inadmissible, the admission of evidence that the plaintiff "complained" generally is not cause for a new trial. Western & Atlantic R. Co. v. Burnham, 123 Ga. 28 (50 S. E. 984).

6. The jury were instructed as follows: "The plaintiff charges defendant negligently started said train while the plaintiff was in the act of alighting, and before he safely reached the ground, causing him to be thrown therefrom. If you find the train used this motion, the law imputes negligence, and that it was caused by the negligence of the defendant; but the burden of proving that such motion of the train, or starting of the train before he had time to alight, is upon the plaintiff to establish that fact. When it is established, the law raises a presumption that it was caused by the negligence of the railroad company,

and, unless you are satisfied from the evidence that the railroad company exercised extraordinary diligence in regard to that matter, you will be authorized to find for the plaintiff." *Held,* that as applied to the pleadings and evidence, which showed that the ground of negligence relied on for recovery was the sudden backward and forward movement of the car while the plaintiff was alighting, the charge above quoted amounted to an instruction that the movement of the car would be negligence per se. The statutory presumption against railroad companies (Civil Code, § 2780) arises upon proof of injury to the person or property of another; but the statute does not make it negligent per se merely to move a car.

7. Certain illustrations given by the court in defining general and special damages were not apt.

8. In the charge upon the measure of damages, the judge erred in omitting to call the attention of the jury to the fact that in his declining years there might be a decrease in the capacity of the plaintiff to labor at his calling and his ability to earn money, and that they should take that into consideration in fixing the amount of any damages which they might find for the plaintiff. *W. & A. R. Co.* v. *Moore,* 94 *Ga.* 457 (6), 458 (20 S. E. 640); *Central Railroad &c. Co.* v. *Dottenheim,* 92 *Ga.* 425 (3) (17 S. E. 662); *W. & A. R. Co.* v. *Davis,* 139 *Ga.* 493 (5), 494 (77 S. E. 576).

(a) The amount of the verdict was not so small as to show that no harm resulted to the plaintiff from the error in the charge above indicated.

*Judgment reversed. All the Justices concur, except Beck, J., absent.*
NOVEMBER 12, 1915.

Action for damages. Before Judge Patterson. Cobb superior court. September 26, 1915.

*Tye, Peeples & Jordan* and *D. W. Blair,* for plaintiff in error.
*N. A. Morris* and *George D. Anderson,* contra.