### 15497.  FAIRBURN AND ATLANTA RAILWAY AND ELECTRIC COMPANY *v.* HALE.

Pending a motion for a new trial the judge may withdraw his approval of what purports to be a copy of his charge to the jury, and may amend it and an approved ground containing what purports to be an extract from the charge, so as to make it conform to the charge given.

The charge of the court contained no error that requires a reversal.

Newly discovered evidence not likely to produce a different result on another trial and which in the main is cumulative does not require a new trial.  The motion for a new trial, so far as based on such evidence, was defective in not showing by affidavits of all the counsel for the movant that they did not know of it before the trial.

Whether ordinary care was exercised in driving the automobile upon the railroad-track at a private crossing was a question for the jury; and this court cannot set aside their finding thereon.

The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED JUNE 10, 1924.

Action for damages; from Clayton superior court—Judge Humphries presiding. February 19, 1924.

Application for certiorari was denied by the Supreme Court.

*J. F. Golightly, Wright & Mundy, W. H. Reynolds,* for plaintiff in error.

*O. J. Coogler, Hewlett & Dennis,* contra.

BROYLES, C. J. 1. Upon a pending motion for a new trial of a case, where the judge has approved the charge of the court as presented to him and has approved all of the grounds, both general and special, of the motion, and has taken the motion under consideration, but, before finally passing thereon, discovers that the charge of the court as originally approved was not the charge actually given, and that one of the special grounds of the motion, complaining of an excerpt from the charge, does not speak the truth, it is not only the privilege but the duty of the judge to withdraw his approval of the charge as originally presented, and so to amend it as to make it the charge actually given, and to withdraw his approval of that ground of the motion. This ruling eliminates ground 2 of the amendment to the motion for a new trial, and also disposes of the exception to the order of the court amending the charge as originally approved.

2. The other alleged errors in the charge of the court, when considered in the light of the charge as a whole and the facts of the case, do not require a reversal of the judgment below.

3. This court cannot hold, as a matter of law, that the verdict (for $2,500) was excessive.

4. The alleged newly discovered evidence is in the main merely cumulative, and is not of such a character as would likely produce a different result upon another trial of the case. Moreover, the ground based upon such evidence is defective in that it fails to set forth affidavits from *all* of the movant's counsel that they were unaware of the evidence before the trial of the case. Civil Code (1910), § 6086.

5. It is contended by the able counsel of the plaintiff in error that this court should hold that as a matter of law the defendant in error, in driving his automobile upon and across the tracks

of the railway company, upon a private crossing, under the circumstances of the case, was lacking in ordinary care for his safety, and should set aside the verdict rendered in his favor. We cannot agree with this contention. Under all the particular facts of the case it was for the jury to say whether the driver of the automobile exercised ordinary care in the premises. None of the numerous cases cited by counsel for the plaintiff in error is similar to this case.

6. The verdict was authorized by the evidence, and the overruling of the motion for a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*