16467.   FURNEY et al. v. TOWER.

1. The evidence authorized the court to submit to the jury the questions whether the railway detective who shot the plaintiff was acting within the scope of his employment, and whether, if an arrest was intended, more force was used than the law allows, and whether the assault was wilful and wanton, or was justified.
2. There was sufficient evidence to authorize a charge to the jury on the question as to permanent injuries.
3. The charge was not erroneous as expressing an opinion as to whether there were permanent injuries.
4. The excerpt from the charge on permanent injuries, which was complained of as excluding a recovery for temporary injuries, was not erroneous for that reason.
5. Where different elements of damages are claimed, as to which there are different rules for estimating damages, the different rules should be given in charge to the jury. The charge given in this case was lacking in this respect, and may have confused the jury and caused them to apply to one element of damages the rule applicable to another.

6. Under the facts of this case the court should have instructed the jury as to decrease of earning capacity in declining years.

7. The jury should have been instructed that any amount found for diminished future earnings should be reduced to its present cash value.

DECIDED DECEMBER 22, 1925.

Action for damages; from Floyd superior court—Judge Wright. April 7, 1925.

*Maddox, Matthews & Owens,* for plaintiffs in error.

*Denny & Wright,* contra.

JENKINS, P. J.  Harry Tower sued C. A. Furney and the Southern Railway Company, alleging that Furney was employed by the railway company as a detective and special officer, to patrol its yards and exclude and remove persons from the yards and properties of the company; that on February 13, 1924, the plaintiff was in the yards of the railway company, at Rome; that Furney approached and caught him by the coat and started to drag him with him; that Furney did not advise him that he was an officer, and the plaintiff, thinking and believing that he was being held up, ran away to avoid being assaulted; that he ran between two cars, and, while he was climbing over the coupling, Furney shot him through the left thigh; that Furney then handcuffed him and took him to the depot, after which he was carried to the county jail, where he remained for three days and two nights.  Plaintiff alleged that he was permanently injured by the assault, and that his capacity for labor in his calling was thereby permanently diminished; that he suffered great pain and would continue to do so; and that he made expenditures for doctor's and nurses' aid and medicines.  He prayed for a judgment for $25,000.  The defendants filed answers in which they admitted that Furney was so employed by the railway company, but denied all other material allegations of the petition.  On the trial the plaintiff admitted that he had stolen a ride on trains of the railway company, in violation of law; but he contended that he merely ran from Furney, and that, while trying to escape, he was shot as alleged.  On the other hand, it was contended by the defendants that Furney shot the plaintiff in self-defense after the plaintiff had been advised by the officer that he was being arrested; that the plaintiff, in resisting the arrest, knocked Furney down and bruised his body, and was actually advancing upon Furney with a deadly weapon at the time he was injured; that Furney, seeing that his life was in danger,

shot the plaintiff in order to disable him, but not to kill him. It was also contended by the railway company that Furney was acting beyond his authority in so shooting the plaintiff. Both defendants contended that the plaintiff was not permanently injured as claimed. There was evidence for the plaintiff as to the nature and character of the injury, the extent and length of time of his suffering, and of his comparative earning capacity before and after the injury. The trial resulted in a verdict for the plaintiff in the sum of $5,000; both defendants filed a motion for new trial, which was overruled, and they excepted.

The entire charge of the court with reference to the damages which might be recovered is as follows: "Under these rules of law, if you find the defendants are liable, then I charge you the plaintiff would be entitled to recover for his pain and suffering, whatever you may find that to be, and pain and suffering, the amount of damages, if any, to be allowed for that, is left to your enlightened consciences as impartial jurors—to give some fair, just sum for such pain and suffering, if it existed in this case. In addition to that, if the defendants are liable, the plaintiff would be entitled to recover for his lost time, whatever you may find that to be under the evidence. And, if the evidence shows he was permanently injured, he may be entitled to recover damages for his permanent injury, such sum as is fair and just between the parties and which would justly and rightly compensate him for the permanent injury, whatever the evidence may show that to be, if any, in the case." Complaint is made that the evidence did not warrant a charge on permanent injury; that the court, in the portion last quoted, expressed an opinion that the plaintiff had been permanently injured; that the language of the last portion of the excerpt limited the jury to a finding for permanent injury to the exclusion of temporary injury, in the event they should find the defendants to be liable; that no rule was given to the jury as a basis for estimating and determining the damages on account of permanent injuries; that the charge did not require that any amount recovered for his injuries should be reduced to its present cash value; and that the charge failed to call attention to the fact that increasing age might reduce the plaintiff's earning capacity.

1. There was sufficient evidence in the case to authorize the court to submit to the jury the issue as to whether Furney, in

making the alleged assault upon the plaintiff, was acting within the scope of his employment by the railway company, whether such assault was wilful and wanton, and whether, if an arrest was intended, more force was used than is allowed in law, and whether such alleged assault was justified; and we find no errors in submitting these questions.

2. There was sufficient evidence in the case to authorize a charge upon the question of permanent injuries claimed by the plaintiff. "The jury were authorized to infer that the plaintiff's injuries would be permanent, from the character of her suffering, and the length of time that it had continued up to the date of the trial; and hence it was not error to charge on the subject of permanent injuries. This is so though there was no direct and positive evidence that her injuries were in fact of a permanent character." *Macon Railway &c. Co.* v. *Streyer,* 123 *Ga.* 279 (3) (51 S. E. 342).

3. The charge is not erroneous as expressing an opinion upon the question whether or not permanent injuries had been sustained.

4. The last paragraph of the quoted excerpt was not erroneous for the reason that it, within itself, excluded a recovery for temporary injuries in the event the defendants should be found liable. While the exception taken to it states that no other reference to the measure of damages for permanent injuries was made, no exception is taken to the failure of the court to charge on the question of damages for temporary injuries.

5. "In an action against a railroad company, where several different elements of damage are claimed, it is error requiring the granting of a new trial for the judge to fail in his charge to the jury to give them any rule for estimating the damages claimed; and this is true notwithstanding no written request for such charge is made by the defendant." *Southern Railway Co.* v. *O'Bryan,* 112 *Ga.* 127 (1) (37 S. E. 161); *Atlanta, Birmingham &c. R. Co.* v. *Barnwell,* 138 *Ga.* 569 (5) (75 S. E. 645). In the instant case, while the judge gave the correct rule in estimating damages for the alleged pain and suffering, an altogether different rule would apply in fixing damages for diminished earning capacity, and the jury might have been confused into applying the same rule as had been laid down for pain and suffering. "Where, in an action to recover on account of a personal injury, it is sought to recover

damages on account of loss of time, physician's bills incurred, pain and suffering, and permanent impairment of capacity to labor and earn money, the charge should not confuse the methods for estimating the different elements of damages." *Pickett* v. *Central of Ga. Ry. Co.,* 138 *Ga.* 177 (2) (74 S. E. 1027, Ann. Cas. 1913 C, 1380). The rule would be different where the only element of damages alleged which is actually insisted upon is for pain and suffering. *Augusta & Summerville R. Co.* v. *Randall,* 85 *Ga.* 297, 298 (11 S. E. 706). We are unable to agree with the contention of counsel for defendant in error that the effect of the charge as given was to limit the right of recovery to damages for pain and suffering.

6. As to whether the court committed reversible error in omitting to call the attention of the jury to the fact that in his declining years there might be a decrease in the capacity of the plaintiff to labor at his calling and his ability to earn money, see *Western & Atlantic R. Co.* v. *Roberts,* 144 *Ga.* 250 (8) (20 S. E. 640) ; *Central of Ga. Ry. Co.* v. *Hill,* 21 *Ga. App.* 231, 235 (94 S. E. 50). But see *Central of Ga. Ry. Co.* v. *Ray,* 129 *Ga.* 349 (2) (58 S. E. 844) ; *Merchants & Miners Transportation Co.* v. *Corcoran,* 4 *Ga. App.* 654, 655 (6 a) (62 S. E. 130). Whatever may be the absolute rule, we think that in this case, where the evidence is in sharp conflict and the verdict rendered substantial in amount, such amplification of the charge should have been made, as it was held should have been done in *Western & Atlantic R. Co.* v. *Moore,* 94 *Ga.* 457, 458 (6) (20 S. E. 640), and in *Tennessee, Alabama &c. R. Co.* v. *Neely,* 25 *Ga. App.* 310 (1) (103 S. E. 177).

7. Several elements of damages being claimed, including past and future pain and suffering and future diminution of earning capacity, and there being evidence showing the relative earning capacity of the plaintiff before and after the injury, the jury should have been instructed that any amount found for diminished future earnings should be reduced to its present cash value. *Atlanta & West Point R. Co.* v. *Newton,* 85 *Ga.* 517, 528 (11 S. E. 776) ; *Louisville & Nashville R. Co.* v. *Paschal,* 145 *Ga.* 521, 530 (4) (89 S. E. 620) ; *Louisville & Nashville R. Co.* v. *Trout,* 141 *Ga.* 121 (2) (80 S. E. 622) ; *Central of Ga. Ry. Co.* v. *Hill,* 21 *Ga. App.* 231, 235 (94 S. E. 50). This does not contravene the ruling made in *Seaboard Air-Line Ry. Co.* v. *Vandiver,* 25 *Ga. App.* 635,

636 (3) (104 S. E. 24), in which case exception was taken to the failure of the court to "instruct the jury that they should reduce to a cash value the gross amount found for all the items of damage proved, including past pain and suffering and past earnings, as well as future pain and suffering and future earnings." The question of reducing damages for future pain and suffering to a present cash value, is not involved.

*Judgment reversed. Stephens and Bell, JJ., concur.*