### 19687. CENTRAL OF GEORGIA RAILWAY CO. v. SKANDAMIS.

DECIDED JUNE 27, 1929.

*Pottle & Hofmayer, Howell Cobb,* for plaintiff in error.

*W. H. Burt,* contra.

LUKE, J. A. H. Skandamis sued the Central of Georgia Railway Company for damages because of the killing of a mule by a train. The defendant demurred to the petition, and its demurrer was overruled. It excepted pendente lite, and assigns error thereon in its bill of exceptions. Upon the trial a verdict and judgment were rendered for the plaintiff. The defendant filed a motion for a new trial, which was overruled, and error is assigned on that ruling.

■ The petition set out a cause of action, and the court did not err in overruling the demurrer thereto.

■ The fourth and fifth grounds of the motion for a new trial allege error in the charge in reference to the measure of damages and the amount of the recovery. Considering the charge as a whole, it is entirely fair to the plaintiff in error, and no reversible error of law is shown. Six times the court charged the jury that if the defendant railroad company was in the exercise of ordinary care and diligence, they should render a verdict in favor of the company; and the court instructed the jury that the "liability of the railway company towards the owner of a mule upon its tracks is not that of an insurer, and the only duty" that the railway company owes is to exercise ordinary care and diligence; and that if the mule came upon the track suddenly and the engineer could not stop the train in time to avoid killing it, "it would be your duty to find in favor of the railway company." After so charging the law favorably to the defendant company, the court charged as follows: "The plaintiff seeks to recover the sum of $275, besides interest and cost. If you believe, under the law given in charge, that the plaintiff is entitled to recover, you may allow all of the amount or whatever amount you may believe he is entitled to recover, or whatever amount has actually been proven to be the value of the mule. You would not be authorized to find for plaintiff a larger amount than that actually set out in the written pleadings in the case: that is, of course, if you believe, under the law which I have given in charge and the evidence, the plaintiff is entitled to recover; and the court does not mean to intimate or insinuate one way or the other. The facts must be passed upon by the jury. You will decide the material issues involved in this case in favor of that party with whom you find a preponderance of the evidence lies on those material issues." While this charge is not entirely correct, it is not, when considered in the light of the evidence and the remainder of the charge, misleading or harmful to the defendant company. The evidence amply authorizes the amount of damages recovered; and there was no request for a more specific charge on the measure of damages. See *Southeastern Express Co.* v. *Chambers, 33 Ga. App.* 44 (2) (125 S. E. 507).

■ There is no merit in the sixth ground of the motion, which alleges that an excerpt from the charge which to a certain extent

sums up the contentions did not correctly state the contentions of the plaintiff, and was argumentative and expressive of opinion. See *Whitlow* v. *State,* 74 *Ga.* 819 (3).

█ The seventh ground of the motion is abandoned; and the eighth ground alleges error because the court admitted evidence of a twelve-year-old boy, this ground alleging that the witness was incompetent because he did not understand the meaning of an oath. In his approval of the brief of evidence the judge qualifies it by saying that a preliminary examination of the witness was made and showed that he knew what it was to swear to tell the truth, understood the object of testifying, and the consequences of telling the truth and of telling a lie; and the court held that he was competent. This ground of the motion is without merit. See *Minton* v. *State,* 99 *Ga.* 254 (25 S. E. 626), in which the child was only eight years old.

█ Witnesses for both sides testified that the train was going south, that the mule was found dead on the side of the railroad-track, just south of a certain private crossing, and that for approximately half a mile north of this private crossing the track was straight and the view unobstructed. The evidence of either party would have authorized a verdict for that party; and the credibility of the witnesses was a matter for determination by the jury. The substance of the testimony for the defendant company was that the mule came up an embankment on the fireman's side, "and appeared in our vision only a distance of one hundred and fifty feet before we struck him;" that the fireman notified the engineer; that the engineer did not see the mule until he was within seventy-five or a hundred feet of it; that he blew his whistle and applied the brakes, but that this was too late to avoid killing the mule.

The substance of the evidence for the plaintiff was that the mule had gotten out of a fenced pasture, and was grazing on the track long enough to travel forty or fifty yards, as shown by the steps on the track; that the train could have been stopped within a hundred and fifty yards; that the engineer, by the exercise of ordinary care, could have seen the mule, as it was seven o'clock in the morning in April and the track was straight and the view unobstructed for approximately half a mile. A witness for the plaintiff saw the train strike the mule. The evidence showed that the

bank which the defendant company contended the mule climbed to get on the track was very steep, with water on both sides. The defendant's own witness testified: "I measured about where the mule got hit. . . I made measurements on both sides. That fill is twenty-six feet high. It is angular. The angle is about forty-five degrees, I guess. . . There was water on both sides." The mule when hit by the train was knocked into the creek. It was at least improbable that a mule would come out of weeds and water and climb up a steep bank to get on the railroad track; and one witness testified: "No mule can climb that place." See *A. & B. Ry. Co.* v. *Clule*, 3 *Ga. App.* 508 (60 S. E. 277).

The court did not err in overruling the motion for a new trial. See Civil Code (1910), § 2780; *So. Ry. Co.* v. *Keel*, 7 *Ga. App.* 244 (66 S. E. 627); *Central of Ga. Ry. Co.* v. *Dozier,* 117 *Ga.* 793 (45 S. E. 67); *Ga. Railroad &c. Co.* v. *Phillips, 78 Ga.* 619 (3 S. E. 449).

The recent decision of the Supreme Court of the United States in Western & Atlantic Railroad Co. *v.* Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 519), is not controlling, under the facts of the instant case. In the Henderson case a charge of the court construing § 2780 of the Civil Code of 1910 was duly excepted to by the railroad company, and the decision of the Supreme Court of the United States was based on that exception, and held that the code section *as so construed* was in violation of the due-process clause of the fourteenth amendment to the Federal constitution. In the instant case no such charge was excepted to. Moreover, in this case the verdict is not dependent upon the presumption raised by the code section. On the contrary (leaving out the presumption) the *evidence* for the plaintiff authorized the verdict.

*Judgment affirmed.    Broyles, C. J., and Bloodworth, J., concur.*