## CALLAHAN *v.* THE STATE.

ALMAND, Justice. 1. The court did not err in refusing to declare a mistrial, as complained of in special ground 1 of the motion for a new trial, because a witness for the State on direct examination stated that the defendant on trial and another person had been imprisoned, which answer was not in response to any question, where the statement was promptly excluded and the jury were instructed to disregard it. *Worthy* v. *State,* 184 *Ga.* 402 (3) (191 S. E. 457); *Stanford* v. *State,* 201 *Ga.* 173 (2) (38 S. E. 2d, 823); *Brown* v. *State,* 203 *Ga.* 218 (3) (46 S. E. 2d, 160).

2. It is not error to refuse to permit a non-expert witness to answer a hypothetical question on cross-examination, where the opinion or conclusion called for is dependent upon facts which he has not testified to. *Moon* v. *State,* 68 *Ga.* 687 (4); *Alabama Great Southern R. Co.* v. *Brown,* 140 *Ga.* 792 (3) (79 S. E. 1113, Ann. Cas., 1915A, 1159); *Cooper* v. *State,* 197 *Ga.* 611 (5) (30 S. E. 2d, 177). Special ground 2, which complains that the court erred in not permitting a State's witness, on cross-examination, to answer a hypothetical question based upon facts not testified to by the witness, is without merit.

3. Where no motion for a mistrial or objection is made at the time to a statement made by the trial judge during the examination of a witness, the verdict will not be set aside on motion for a new trial alleging that the statement of the judge was improper and prejudicial. *Simmons* v. *State,* 181 *Ga.* 761 (3) (184 S. E. 291). Special ground 3 assigns error on a statement of the court in answer to an inquiry by a State's witness as to whether he had to answer a question propounded, to wit, "Unless it is objected to I am going to let the answer in." Whether the court's remark was harmful and prejudicial to the defendant cannot be considered.

4. It was not error to admit in evidence the end of a shotgun barrel, as complained of in special ground 4, where there was evidence before the jury that the gun barrel, before it was sawed off by one of the alleged conspirators, had been a part of the shotgun that was used in the attempted robbery which resulted in the death of the deceased.

5. An exception to an entire charge is not good unless the whole charge is subject to such exception. *Pyle* v. *State,* 187 *Ga.* 156 (7) (200 S. E. 667): *Collins* v. *State,* 199 *Ga.* 830, 833 (3), 834 (6) (35 S. E. 2d, 452). Special ground 5 complains that the court erred in charging the jury, by elaboration of the law upon a single phase of the case to such an extent as to give it undue prominence. The instruction complained of was practically the entire charge of the court, covering 10 pages, dealing with burden of proof, reasonable doubt, credibility of witnesses, law of murder, conspiracy, flight, etc. The exception being to such charge

**212**

as a whole, and the charge as a whole not being subject to such exception, the same is without merit. However, we have carefully examined the various charges complained of as a whole, and find that the court fully and correctly charged the law applicable to the issues in the case.

6. The court's charge on conspiracy, complained of in special grounds 6 and 7, correctly stated the law. *Berryhill* v. *State*, 151 *Ga.* 416 (1) (107 S. E. 158); *Gore* v. *State*, 162 *Ga.* 267 (1a) (134 S. E. 36).

7. Special ground 8, which seeks a new trial on the ground of newly discovered evidence, cannot be considered, for the reason that the mandatory provisions of Code § 70-205 were not complied with, in that the alleged newly discovered evidence is that of a witness, and the movant does not, as a part of this ground, support it by affidavits as to the residence, associates, means of knowledge, character, and credibility of the witness who would testify as to the alleged newly discovered evidence. *Overby* v. *State*, 183 *Ga.* 353 (3) (188 S. E. 520).

8. Whether or not the State's witness William Clyde Timbs was an accomplice in the killing, was a question for the jury. *Montford* v. *State*, 144 *Ga.* 582 (87 S. E. 797). The jury, under the evidence, were authorized to find that William Clyde Timbs was not an accomplice, that the defendant was a party to a conspiracy to rob the store of the deceased, and that the defendant was either an actual participant in the attempted robbery and the killing, or that he, with others, went to the store where the deceased was killed for the purpose of robbing the deceased, and while the others went into the store for that purpose he remained outside in an automobile, and after the shooting aided them in their escape. The verdict finding the defendant guilty is supported by the evidence, and it was not error to overrule the motion for a new trial on the general grounds.

*Judgment affirmed. All the Justices concur.*

No. 17831. Argued April 15, 1952—Decided May 12, 1952—
Rehearing denied June 11, 1952.

*Kermit C. Bradford,* for plaintiff in error.

*Eugene Cook, Attorney-General, Hugh C. Carney, Assistant Attorney-General, Paul Webb, Solicitor-General, Charlie O. Murphy, Carl B. Copeland* and *Frank S. French,* contra.