35774. McBURNEY *v.* RICHARDSON.

Decided September 7, 1955—Rehearing denied December 12, 1955.

*Isaac S. Peebles, Jr.,* for plaintiff in error.

*Mixon & Chambers,* contra.

NICHOLS, J. ■ Ground 4 of the motion for new trial as amended is based upon the ground of newly discovered evidence. There is no affidavit of counsel for the movant (defendant) attached to this ground showing that he did not know of the existence of this evidence prior to the trial of the case, and that it could not have been discovered by the exercise of ordinary diligence; therefore, this ground cannot be considered. Code § 70-205; *Callahan* v. *State,* 209 *Ga.* 211, 212 (71 S. E. 2d 86) ; *Fairburn & Atlanta Ry. &c. Co.* v. *Hale,* 32 *Ga. App.* 412, 413 (123 S. E. 724).

■ Ground 6 complains that the trial court erred in charging the jury as follows: "She (the plaintiff) claims as a result of those acts of negligence that her husband was fatally injured when the chimney fell and struck him or portions of it struck him and that he died the next day," and in ground 7 the defendant contends that the trial court erred in charging almost immediately after the above quoted excerpt from the charge as follows: "Now, gentlemen of the jury, I charge you that under the evidence of this case you will disregard the first act of negligence because the undisputed testimony shows here that the defendant did not furnish the footing but that was to be done by Knox-Georgia Homes, Inc." The defendant, in both of these grounds contends that the trial court was expressing an opinion that the alleged acts of negligence in the plaintiff's petition were in fact acts of negligence. As shown by the whole charge the trial court was giving the contentions of the parties in the quoted excerpts of the charge and in the second excerpt of the charge he was actually directing a verdict for the defendant on this alleged act of negligence. "The charge of the court relative to the contentions of the parties was not . . . an expression of opinion as to who should prevail in the case." *Central of Ga. Ry. Co.* v. *Gibson,* 90 *Ga. App.* 512 (2) (83 S. E. 2d 271). "There was no error in the court's summing up of the contentions and the testimony and instructing the jury to consider all the facts and circumstances since the record shows that the court instructed the jury that 'the court does not mean to intimate or insinuate one way or the other'

which party should prevail." *Central of Ga. Ry. Co.* v. *Skandamis,* 40 *Ga. App.* 78 (3) (149 S. E. 60). In the present case the trial court instructed the jury in effect that the question of who should prevail was for the exclusive determination of the jury uninfluenced by any expression or intimation from the court. Accordingly, there is no merit in the contentions of the defendant in these grounds of the motion for new trial.

■ Ground 8 complains that the trial court erred in charging the jury as follows: "I charge you further, gentlemen of the jury, that where the concurrent causes produced by two persons operate directly in bringing about an injury, then there can be a recovery against either of the tortfeasors." The defendant contends that the trial court should have added the following to the end of the above quoted excerpt of the charge: "provided the person sought to be charged failed to exercise ordinary care and diligence at the time and that the plaintiff's intestate could not by the exercise of ordinary care have avoided the consequences of the defendant's negligence after the same became apparent or by the exercise of ordinary care could have known of such negligence and that such negligence on the part of the tortfeasor should have been the proximate cause of the injury sustained."

The trial court just prior to the charge complained of had instructed the jury as follows: "I charge you further, gentlemen of the jury, that the law charges the deceased husband of the plaintiff with the exercise of ordinary care and diligence for his own safety. If you find that the deceased failed to exercise this degree of care at the time and place of this occurrence and such negligence was the proximate cause of his injury, then the plaintiff would not be entitled to recover, irrespective of the negligence of the defendant." The court's charge as shown above properly instructed the jury that if the deceased was not in the exercise of ordinary care at the time the injury occurred there could be no recovery. The court also instructed the jury in effect that the plaintiff could not recover unless the defendant was negligent. Accordingly, there is no merit in this contention of the defendant.

■ Ground 9 complains that the court expressed an opinion in charging as follows: "It rarely, if ever, happens that a person labors every day until his death or receives all the while a fixed and regular income from his labor; nor does his capacity to earn

money often remain undiminished until old age." Under the facts in this case, the plaintiff's husband having died as the result of the chimney falling upon him, the excerpt of the charge complained of was not the expression of an opinion, but on the contrary it would have been reversible error for the trial court not to charge in substance the fact that the deceased's earning capacity might be decreased due to inability to labor, etc. See *Western & Atlantic R. Co.* v. *Moore,* 94 *Ga.* 457 (6) (20 S. E. 640); *Western & Atlantic R. Co.* v. *Roberts,* 144 *Ga.* 250 (8) (86 S. E. 933).

■ Ground 10 complains that the trial court erred in charging the jury the method of determining the value of a life under the Carlisle Mortality Table upon ascertaining the age of a deceased without sufficient evidence on which to predicate the charge. The evidence on the trial of the case as to the age of the deceased was undisputed, and there was evidence as to his earnings; therefore there is no merit in the contention of the defendant that there was no evidence on which to predicate the charge, it being introduced into evidence without objection.

■ The defendant in his brief argues in support of the general grounds and ground 5 of the motion for new trial as amended that the verdict was contrary to the evidence and without evidence to support it because the only evidence in support of the verdict was hearsay or based upon hearsay and therefore without probative value.

The evidence which the defendant contends was hearsay or based upon hearsay was as follows: The plaintiff's son testified that he went to the scene where the chimney fell and Welch, an eyewitness to the chimney falling and who testified to this on the trial, showed him where the chimney fell. He picked up some mortar from the fallen chimney and after this mortar was introduced into evidence without objection an expert testified that the mortar was not properly mixed, that it contained too much sand for the amount of mortar, and that it was weakened. It is undisputed that the son was at the scene and it is not contended that he did not know from his own knowledge where the scene was. He testified that Welch showed him where the chimney fell (after he was already at the scene). Under the ruling of this court in the case of *Stamps* v. *Newton County,* 8 *Ga. App.* 229, 235 (68 S.

E. 947), this testimony and the later testimony of the expert was admissible. It did not contradict the testimony of the eyewitness who was a witness at the trial of the case, and further, under this ruling, the testimony is permissible to locate objects referred to in the testimony. This case is distinguishable from *Brunswick Light &c. Co.* v. *Gale,* 91 *Ga.* 813 (18 S. E. 11), referred to by the defendant because in that case the location of the accident was not positively identified by any witness, whereas in the present case there was no dispute as to the location of the chimney and its location was positively sworn to by not only the plaintiff's witnesses but also by the defendant's witnesses.

Moreover, the evidence authorized a finding that after W. L. Richardson, the son of the deceased, went to the "scene" where his father received his fatal injury he could have found "where the chimney fell" even without the foreman, Welch, showing him where it fell since he testified to observing the mortar and broken brick on the ground where the chimney had fallen at the "scene."

The plaintiff's case was premised on the contention that the mortar used by the defendant was improperly mixed. The defendant contended that the mortar used in constructing the chimney was properly mixed, and that the chimney fell because the owner of the house under construction had the foundation undermined. The evidence on this point was in sharp conflict. A witness for the plaintiff testified positively that the foundation was not undermined and that in fact a new chimney to replace the one that fell was built on the same foundation. Witnesses for the defendant positively testified that the foundation was undermined and that the foundation was broken up and a new one poured to accommodate the new chimney. There was ample evidence to sustain the verdict, and where there is any evidence to support a verdict this court will not disturb it.

■ The defendant assigned error in his bill of exceptions on the allowance of an amendment to the plaintiff's petition. Inasmuch as no objection or demurrer to this amendment was filed in the trial court there is no question presented in this assignment of error for this court to rule on.

*Judgment affirmed. Quillian, J., concurs, and Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially.  I concur in all the rulings and in the judgment except that I concur specially in the rulings in division six of the opinion.  I concur in the ruling in division six only to the extent that under the circumstances of this case the jury was authorized to find that the son of the deceased could by viewing the premises ascertain by means of broken bricks, etc., where the chimney fell.  I do not agree with the ruling that the testimony of the son of the deceased that the foreman showed him where the chimney fell had any probative value whatever in the absence of testimony by the foreman definitely locating the spot he showed the deceased's son as being where the chimney fell and in the absence of testimony by the son of the deceased similarly locating the spot.