37169.   WOOD *v*. MOORE.

DECIDED JUNE 23, 1958.

*MacDougald & Feagin, John E. Feagin, James A. Mackay,* for plaintiff in error.

*Hewlett, Dennis, Bowden & Barton, John F. Dennis,* contra.

QUILLIAN, Judge. 1. The defendant insists that the petition sets forth no cause of action because it does not show that there was any duty owed by him to the plaintiff. With this contention

we do not agree. When the defendant's employees constructed the walls of the furnace he knew or should have known that there would be other people who would follow him and complete the construction. He owed those who followed a duty not to construct the furnace in such a negligent manner as would endanger their lives while completing the structure. A case very similar to the present one is *McBurney* v. *Richardson*, 93 *Ga. App.* 138 (91 S. E. 2d 123). The fact that the plaintiff placed his hand upon the brick, exerting only slight force, would not debar his recovery, because the petition alleged that, if the fabricated stone or brick had been properly placed, it would have required a force of at least 1,000 pounds to cause it to move. The petition set forth facts sufficient to present a jury question as to whether the defendant's employees were negligent and whether this negligence was the proximate cause of the plaintiff's injuries.

2. The defendant further contends that the plaintiff should be debarred of recover because he failed to exercise ordinary care for his own safety. The petition alleges that due to the position where the plaintiff was standing he was unable to observe that the brick was improperly placed. This is not a case where it is clear, plain, and indisputable that the plaintiff failed to exercise ordinary care for his own safety, and the defendant's contention is for that reason without merit.

The judge erred in sustaining the general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*