49560. LASHLEY v. THE STATE.

DEEN, Judge.

The defendant was convicted of aggravated sodomy of his ten-year-old stepson. *Held:*

1. The testimony of the victim together with corroborating circumstances, including evidence impounded and examined by the State Crime Laboratory, supports the verdict.

2. The defendant's common law wife invoked and was granted the privilege of not testifying against her husband, but the complaint is that in spite of this certain objectionable information was elicited from her. The elicitation of evidence tending to substantiate her position that she was entitled to the status of such a wife was not error. *Brown v. State,* 226 Ga. 114 (5) (172 SE2d 666). An affirmative answer to the question: "On the 26th day of July, 1973, did you appear before Judge Roberts in a committal hearing?" appears harmless, and there was in fact no objection to the question or answer. The incident complained of in the fourth enumeration of error did not occur in the presence of the jury, and constituted a justifiable warning in view of contradictory testimony on the part of the wife. Enumerations 1, 2 and 4 are without merit.

3. Code §§ 9-608 through 9-610 have to do with priorities between counsel employed on the same side of the case. Nothing therein inhibits an assistant district attorney from assisting a district attorney in the trial of a criminal case.

4. The state may impeach a witness whom it has called and by whom it has been entrapped. Code Ann. § 38-1801. Impeachment may be effected by recalling to the witness previous contradictory statements. Code § 38-1803. "It is not error for the court to allow the solicitor-general to cross examine a witness sworn for the State, where the solicitor-general states that he has been entrapped, and the examination is in reference to contradictory statements made to the solicitor by the witness." *Peurifoy v. State,* 53 Ga. App. 515 (2) (186 SE 461). Where the brothers of the victim denied he had made certain statements to them, but admitted that they had previously testified to the contrary, this testimony was admissible for purposes of impeachment. No motion for mistrial was made, as contended, nor were any grounds for mistrial present. Enumerations 7, 9 and 10

are not meritorious.

5. Enumerations 6 and 8 go to the question of competency to testify on the part of the ten-year-old victim of the attack. "The court shall, by examination, decide upon the capacity of one alleged to be incompetent from. . . infancy." Code § 38-1610. A ten-year-old child is not per se too young to testify. *Lucas v. State,* 146 Ga. 315 (2) (91 SE 72). Nor is the mere fact that the child does not know the meaning of the word "oath" definitive. *Central of Ga. R. Co. v. Skandamis,* 40 Ga. App. 78 (4) (149 SE 60). Where the court, after questioning, is convinced that the child is competent this court will not interfere except for an abuse of discretion. *Gordon v. State,* 186 Ga. 615 (1) (198 SE 678). We have examined the young witness' testimony and find it clear, intelligent and convincing. The pre-examination established that he understood the necessity of telling the truth, that he intended to do so, that he knew if he did not he would be in trouble and that it would make a lot of trouble for other people. We find no abuse of discretion.

6. Demand for the list of witnesses under Code Ann. § 27-1403 must be made directly to the solicitor or his assistant, must be timely, and may be waived by not crossing out the printed waiver on the indictment. *Smith v. State,* 123 Ga. App. 269 (2) (180 SE2d 556); *Jones v. State,* 224 Ga. 283, 286 (161 SE2d 302); *Hunsinger v. State,* 225 Ga. 426 (4) (169 SE2d 286); *Parr v. State,* 117 Ga. App. 484 (1) (160 SE2d 865). There is a printed waiver of the listed witnesses signed by the defendant's attorney, and nothing is shown to the contrary. Enumeration 12 is therefore not supported by the record.

7. Three witnesses testified as to the custody of physical evidence, their statements together establishing an unbroken chain of custody. The State Crime Laboratory witness who testified to the microscopic examination of certain exhibits was sufficiently qualified to support the court's decision allowing him to give evidence relating to the results of his specific inquiries.

The remaining enumerations of error present no questions for decision.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED JUNE 27, 1974 — DECIDED JULY 16, 1974.

*Guy R. Dunn,* for appellant.
*William H. Ison, District Attorney, Clarence L. Leathers, Jr.,* for appellee.