## 67482. McDANIEL v. THE STATE.

DEEN, Presiding Judge.

David A. McDaniel appeals from his conviction of two counts of child molestation, contending that the trial court erred in denying his motion for a directed verdict and in denying his motion to suppress evidence of a photographic lineup.

1. Appellant contends he was convicted solely on the testimony of two children, brothers ages 9 and 11, who were the victims in this case. Both children were extensively questioned by the trial court to determine their competency as witnesses and were found to be

competent to testify. We have reviewed this examination and find that both boys fully understood the necessity of telling the truth in court and the consequences of failing to be truthful.

Under OCGA § 24-9-5 (Code Ann. § 38-1607), children must understand the nature of an oath to testify as witnesses. Age alone is not determinative of competency to testify. *Johnson v. State,* 146 Ga. 190 (91 SE 42) (1916). The court, however, must be satisfied that the child understands the duty to tell the truth, although he need not understand the meaning of the word "oath." *Pace v. State,* 157 Ga. App. 442 (278 SE2d 90) (1981); *Lashley v. State,* 132 Ga. App. 427, 429 (208 SE2d 200) (1974). We find no abuse of the trial court's discretion in permitting the children to testify.

The general grounds part of this enumeration has not been supported by argument or citation of authority and is deemed abandoned. *Dennis v. State,* 158 Ga. App. 142 (279 SE2d 275) (1981).

2. An investigator for the Dekalb County Police Department testified that five days after the crime he showed both children a photographic lineup containing five photographs of similar white males. The boys viewed the array separately, and each was informed that he had no obligation to select any photograph and that it was possible that the man with whom they had contact was not included in the display. Both children immediately identified photograph number 3, the appellant's photograph, and stated that he was the man who had molested them, but that his hair was shorter now. Although the boys' parents were present when they viewed the array, there is no evidence that they exerted any pressure on them either to make an identification or to select a particular photograph. The mere fact the photograph might have been eight years old does not make the lineup impermissibly suggestive. Indeed, it would suggest it was not, as the boys immediately recognized the difference in appellant's present appearance. We know of no authority to support the contention that use of an old photograph is in and of itself impermissively suggestive.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 29, 1983.

*Edward Lang,* for appellant.
*Robert E. Wilson, District Attorney, Ann Poe Mitchell, James W. Richter, Assistant District Attorneys,* for appellee.